Eugene F. LAND, Successor To James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, Movant,

v.

Delmon NEWSOME et al., Respondents.

Supreme Court of Kentucky.

May 5, 1981.

---

Cyril E. Shadowen, Dept. of Labor, Louisville, Kenneth E. Hollis, Dept. of Labor, Frankfort, for movant.

Kelsey E. Friend, Pikeville, Harry C. Campbell, Lexington, Gerald V. Roberts, Dept. of Labor, Frankfort, for respondents.

## OPINION OF THE COURT

This a workmen's compensation case in which the Special Fund disputes the validity of an attorney fee award by the Workmen's Compensation Board.

Respondent Kelsey E. Friend, attorney for Delmon Newsome, the workmen's compensation claimant, filed a motion for attorney fees with the Workmen's Compensation Board after all weekly benefits had been paid out. The Board granted the motion and ordered the Special Fund to pay the fee in the amount of $5,000.00. The Special Fund, however, held none of the claimant's money from which to pay the attorney fee, having already paid to Claimant Newsome all sums due him under the award. When the Special Fund failed to pay the attorney fee Friend brought an action in Pike Circuit Court seeking enforcement of the Board's order. That court upheld the order and the Court of Appeals affirmed.

Respondent Friend argues that the Special Fund cannot now collaterally attack a

final order of the Board, and in the alternative, that if the Fund may now attack the Board's order he has a statutory lien on the award to the extent of his attorney fee pursuant to KRS 30.200 (now KRS 376.460). Bound up with this argument is the contention that the Fund is now liable to Mr. Friend for his fee because it ignored his lien and paid the entire award directly to Newsome.

The Special Fund urges reversal of the Pike Circuit Court and the Court of Appeals, arguing that even though the Special Fund failed to appeal the award of attorney fees, the Fund is not precluded from now attacking the award; that the Board in making the award was acting outside its jurisdiction; that Mr. Friend's right to his attorney fee never vested, and even if it did, he should be prevented from asserting it now by the doctrine of laches.

KRS 342.320(2) authorizes the Board to award attorney fees to be paid directly to the attorney by "...commuting sufficient of the final payments of compensation *payable under the award* to a lump sum for that purpose." (Emphasis added). The attorney fee in question here was awarded after the final payments of compensation had already been paid to the claimant. There is no statutory authority for the payment of an attorney fee *in addition* to the award. It is implicit in the wording of KRS 342.320(2) and the attorney fee award that the fee be paid from claimant's funds held by the Special Fund. Since the Special Fund held none of claimant's money, it is not liable for the attorney fee. The award, therefore, is unenforceable against the Special Fund according to its terms.

We cannot agree with Mr. Friend's argument that the compensation award in this case was subject to a statutory charging lien for his attorney fees.

KRS 342.320(1) states that "[a]ll fees of attorneys...shall be subject to the approval of the board." Subsection (2) of the same statute begins with the statement that "[n]o attorney's fee in any case involving benefits under this chapter shall be paid until the fee is approved by the board...." The Special Fund is not authorized to release any of the claimant's money in payment of attorney's fees until directed to do so by the Board pursuant to the approval mandated by the above mentioned provisions of KRS 342.320.

One of the established rules of statutory construction is that when two statutes deal with the same subject matter, one in a broad, general way and the other specifically, the specific statute prevails. *City of Bowling Green v. Board of Education of Bowling Green Independent School District*, Ky., 443 S.W.2d 243 (1969). KRS 342.320 specifically and emphatically requires Board approval prior to the commutation of any part of the claimant's money for payment of attorney's fees. The triggering event which activates the process of Board approval of attorney's fees is the attorney's motion for an attorney fee award. The Board has no obligation to approve an attorney's fee of its own motion if the attorney fails to move for a fee award. A lien cannot arise until the attorney is entitled to a fee. In a workman's compensation case an attorney is not legally entitled to a fee until that fee has been approved by the Board.

The opinion of the Court of Appeals and the judgment of the Pike Circuit Court are reversed.

All concur except CLAYTON, J., who files a dissenting opinion.

CLAYTON, Justice, dissenting.

I respectfully dissent. As the majority opinion of the court points out, the Special Fund failed to appeal the award of attorney fees as provided under KRS 42.285. Consideration of the merits of this case by this court is but a means of circumventing the procedural time limitations of the statute.

Furthermore, Respondent Friend acquired an attorney's lien on the award pur-

suant to KRS 30.200 (now KRS 376.460) which vested at the time the award was made. *See Elkhorn Stone Company v. Webb*, Ky., 478 S.W.2d 720 (1972). I fail to see how the lien can be invalidated now.

I would affirm the decision of the Court of Appeals and the judgment of the trial court.