FORD MOTOR COMPANY, Appellant,

v.

John Frith STEWART, Donald Davis, and Workers' Compensation Board, Appellees.

No. 87–CA–2098–S.

Court of Appeals of Kentucky.

Sept. 9, 1988.

Discretionary Review Denied by Supreme Court Feb. 1, 1989.

William P. Swain, Boehl Stopher Graves & Deindoerfer, Louisville, for appellant.

Michael E. Gregory, John Frith Stewart, Stewart & Roelandt, Crestwood, for appellees John Frith Stewart and Donald Davis.

Before MILLER, WEST and WILHOIT, JJ.

WILHOIT, Judge.

Ford Motor Company appeals from an opinion and order of the Jefferson Circuit Court finding that appellee John Frith Stewart is entitled to an award of attorney fees in representing appellee Donald Davis before the Workers' Compensation Board. Reviewing the record, we affirm.

The Board, in an opinion, award and order entered July 14, 1986, found that Davis sustained a work-related injury in his employ with Ford Motor Company and awarded temporary total disability benefits from March 27, 1983, through December 3, 1985 (as corrected per Board order entered August 25, 1986). The Board also ordered Ford to pay for medical treatment, KRS 342.020(1), but denied any award for permanent partial disability. KRS 342.-730(1)(b).

Ford has a private disability plan that paid Davis a weekly benefit amount which was slightly higher than the temporary total disability awarded by the Board. This plan is administered through the John Hancock Insurance Company, with Ford reimbursing John Hancock on a dollar-for-dollar basis for benefits paid. At the time of the Board award, it appears that John Hancock had already completed payment to Davis for the time off work. The Board sustained Ford's motion for credit on the award for the payments John Hancock had made pursuant to the private plan. The propriety of this action is not before us. The Board denied, without comment, Stewart's motion for allowance of attorney fees. On appeal to the circuit court, Stewart was allowed a fee and the case was remanded to the Board for a determination of the proper amount. KRS 342.320. From that order, Ford appeals.

On appeal, the issue is whether an attorney is entitled to a fee in a workers' compensation case when he succeeds in getting an award of workers' compensation for his client, but which award is entirely offset by payments under a disability plan to which the client was entitled without having filed the claim for workers' compensation.

The established rule is that although a workers' compensation award does not exceed what the claimant would have received had he not employed an attorney, this is no reason for denying an attorney's fee. The rationale for this rule is set out in *Vanderpool v. Goose Creek Mining Co.*, 293 Ky. 719, 170 S.W.2d 32 (1943). The more difficult problem we must confront is whether an employer can be required to pay a fee to the claimant's attorney when the employer has already paid to the claimant other benefits equal to the total compensation benefits awarded to the claimant, and for which other benefits the employer is entitled to a credit against workers' compensation. The employer argues that the effect of requiring it to pay the fee is to require it to pay more workers' compensation than was awarded by the Board.

Under our statutory scheme an attorney's fee is not an "add on" to the workers' compensation award, but is paid directly to the attorney from the projected proceeds of the award itself. The reason for permitting the current payment of an attorney's fee from projected future benefits is to avoid an immediate burden on the injured claimant. *See Jerry's Drive In, Inc. v. Young*, Ky., 335 S.W.2d 321 (1960). Even

though the claimant may never actually become entitled to receive the future benefits because of some event subsequent to the Board's award, the attorney's fee is not thereby to be diminished. *See Warner v. Lexington Roller Mills, Inc.*, 314 Ky. 1, 233 S.W.2d 988 (1950); *Elkhorn Stone Co. v. Webb*, Ky., 478 S.W.2d 720 (1972). In *Elkhorn Stone*, the Court stated that "the right to the fee becomes vested when the award is made, and is not affected by subsequent events that may reduce the award...." *Id.* at 720.

More recently, in *Land v. Newsome*, Ky., 614 S.W.2d 948 (1981), taking a somewhat different approach as to when the right to a fee vests, the Supreme Court held that an attorney, who waited until after all the compensation due his client had been paid by the Special Fund before moving the Board to allow him a fee, could not then recover the fee from the Special Fund because it "held none of [the] claimant's [client's] money." *Id.* at 949.

A case somewhat similar to that now before us was *Warner v. Lexington Roller Mills, supra.* In that case the employer under the formerly recognized "Ditty Rule," was given a credit against workers' compensation for the salary it had paid the claimant. The effect of this allowance was that the claimant was not entitled to receive any current payment of workers' compensation and would receive none in the future if his employment continued with at least the same salary for the 335–week period of his award. On review, the circuit court set aside the Board's allowance of an attorney's fee on the ground that since the claimant was not yet entitled to receive workers' compensation benefits, his attorney was not yet entitled to have his fee paid by the employer. In reversing the circuit court, the former Court of Appeals held that the allowance of the salary credit against workers' compensation "was not designed to cut off any of the employee's rights or to destroy the rights of the attorney representing him, but was simply substituting a credit for a weekly amount legally payable by the employer." *Id.*, 233 S.W.2d at 989. The Court further observed that the credit allowance did not lessen the liability of the employer, "or saddle the employee with the payment of the attorney's fee out of his own pocket." *Id.*

From this review of the statute and case law, we glean the principles that: 1) although an attorney's fee is payable only out of the workers' compensation benefits awarded to a claimant, the fee is payable out of potential benefits rather than benefits which may actually be paid, and 2) even though a credit against workers' compensation may be allowed because of the payment to the claimant of benefits other than workers' compensation, this credit may not be applied in such a way as to defeat the attorney's right to a fee or the claimant's right to have it paid from his workers' compensation award and not from his own pocket. In view of this, we believe the trial court properly remanded this case to the Board to set an attorney's fee. If a credit against workers' compensation for the payment of other benefits could be applied so as to completely extinguish any workers' compensation liability including the payment of an attorney's fee, the result would be that in cases such as we have here, the injured employee would be unable to obtain legal assistance in pursuing his workers' compensation claim and would in all probability be forced to forego the claim. The extent of his occupational disability and the employer's responsibility would never be fixed. In the event the employee's condition worsened or he suffered a subsequent disabling injury, his inability to pursue the earlier claim would have a devastating effect on his recovery of workers' compensation for his increased disability, undermining the very purpose of workers' compensation statutes.

The order of the trial court is affirmed.

Further, pursuant to the order designating the case as a special appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.