Dana BOYD, Appellant,

v.

C & H TRANSPORTATION (as Insured By Home Insurance Company); C & H Transportation (as Insured By National Union Fire Insurance Company); Hon. George Schuhmann, Administrative Law Judge and Kentucky Workers' Compensation Board, Appellees.

No. 95–SC–176–WC.

Supreme Court of Kentucky.

June 8, 1995.

Rehearing Denied Aug. 24, 1995.

Kelsey E. Friend, Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, for appellant.

John G. McNeill, Landrum & Shouse, Lexington, for appellee C & H.

J.L. Roark, Barret, Haynes, May, Carter & Roark, P.S.C., Hazard, for appellee C & H (National Union).

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals affirming a Workers' Compensation Board opinion which reversed benefits awarded by an Administrative Law Judge.

The questions presented by Boyd in his appeal to this Court are 1) that failure to plead KRS 342.670(2) as an affirmative defense constitutes a waiver, and 2) the defendants have not met their burden of proof in order to establish a special defense pursuant to KRS 342.670(2).

The employee seeks review from the opinion of the Court of Appeals affirming the opinion of the Workers' Compensation Board which reversed the ALJ's decision regarding the applicability of the Kentucky extraterritorial jurisdiction statute, KRS 342.670(2) to this workers' compensation claim. The Court of Appeals correctly determined that the applicable statute of limitations was the specific extraterritorial jurisdictional statute and therefore Boyd's claim was time barred.

Boyd, a Kentucky resident, fractured his right ankle in Tennessee in the course of his employment as a truck driver with C & H Transportation, a Texas trucking company

with terminals across the United States. After the injury of January 19, 1988, Boyd submitted a claim to the Texas Industrial Accident Board. The Texas board notified Boyd that he was entitled to medical care and weekly compensation benefits under Texas compensation law. The notice listed National Union Fire Insurance Company as the employer's insurance company. National made voluntary payments to appellant through November 19, 1989.

On May 31, 1991, Boyd filed a Kentucky Form 101 seeking adjustment of his claim for benefits. Home Insurance Company, which insured C & H from June, 1984 through June, 1985, was determined to be the insurance carrier at risk because Home neglected to file with the Commissioner for the Department of Workers' Claims a form WCI–2 indicating its policy for C & H expired on June 1, 1985. Both Home and National defended the claims as being barred by the statute of limitations.

The Administrative Law Judge found KRS 342.670, the extraterritorial statute, applicable but concluded that the claim was not barred by the two year statute of limitations provision contained in subsection 2 of that enactment. He reasoned that there was "no rational basis" for the legislature to have intended different periods of limitations for territorial and extraterritorial claims. The ALJ also rejected Home's contention that despite its failure to file the requisite form, it was clearly not the carrier at risk in 1988, as its policy had expired in 1985.

On appeal, the Board concurred in the ALJ's decision as to the carrier at risk but reversed on the limitations question. The board was of the opinion that the clear and unambiguous language of KRS 342.670(2) could not be disregarded and must therefore be construed as the expression of a legislative intent that voluntary payments not extend the two-year period, as they do so by the language of KRS 342.185. The Court of Appeals affirmed the decision of the Board. This appeal followed.

KRS 342.670 applies because Boyd was working outside the territorial limits of Kentucky at the time of his injury. This statute, concerning extraterritorial coverage states, in pertinent part:

> The payment or award of benefits under the workers' compensation law of another state, territory, province or foreign nation to an employee or his dependents otherwise entitled on account of such injury or death to the benefits of this chapter shall not be a bar to a claim for benefits under this chapter, provided that claim under this chapter is filed within two (2) years after such injury or death.

On the other hand, the general statute of limitations, KRS 342.185, provides:

> If payments of income benefits have been made, the filing of an application for adjustment of claim with the department within the period shall not be required, but shall become requisite within two (2) years following the suspension of payments or within two (2) years of the date of the accident, whichever is later.

A specific statute of limitation preempts a general statute of limitation where there is a conflict. *Land v. Newsome,* Ky., 614 S.W.2d 948 (1981). KRS 342.185 is the general workers' compensation statute of limitation; KRS 342.670(2) specifically and unambiguously refers to filing deadlines for compensated extraterritorial claims. Therefore, KRS 342.670(2) applies in this situation.

National also argues that Boyd's appeal should be dismissed because the ALJ ruled that National had no liability under Kentucky law for Boyd's injury, and neither Boyd nor Home properly appealed that issue in the Court of Appeals. However, we need not reach this contention because of our decision on the limitations issue renders National's request moot.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and LAMBERT, REYNOLDS, SPAIN and STUMBO, JJ., concur.

LEIBSON, J., not sitting.