879 So.2d 561 (2002)
BRUNO's, INC., d/b/a Food World No. 62
v.
Debra KILLINGSWORTH.
2010281.
Court of Civil Appeals of Alabama.
October 4, 2002.
Rehearing Denied November 22, 2002.
*562 George M. Zoghby and Benjamin C. Heinz of Clark, Scott & Sullivan, P.C., Mobile, for appellant.
Allen G. Woodard of Woodard, Patel & Sledge, Andalusia, for appellee.
PITTMAN, Judge.
Debra Killingsworth ("the employee") sued Bruno's, Inc., d/b/a Food World No. 62 ("the employer") seeking workers' compensation benefits, alleging that she was injured in the line and scope of her employment and that as a result of her injuries she suffered a permanent disability. Following the presentation of ore tenus evidence, the trial court found that the employee suffered a permanent total disability. The employer filed a post-judgment motion, which was denied by operation of law.
The employer appeals. It argues that the trial court erred (1) by finding that the employee's neck injury was work-related and by awarding the employee benefits for that injury; (2) by finding that the employee suffered a permanent total disability; and (3) in its calculation of the attorney fees due the employee's attorney.
This court will not reverse the trial court's judgment in a workers' compensation case based on factual findings if those findings are supported by "substantial evidence." Section 25-5-81(e)(2), Ala. Code 1975. Substantial evidence is "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). The trial court's legal conclusions, however, are afforded no presumption of correctness, and this court reviews such findings de novo. Ex parte Cash, 624 So.2d 576 (Ala.1993).
The employee worked as a produce manager for the employer. Her job duties included unloading produce-delivery trucks, stocking produce, and moving pallets of produce. She testified that as part of her duties she would have to lift up to 25 pounds. She also testified that her job duties required standing almost all the *563 time and that she would sit only for breaks and lunch.
The employee testified that she was injured while she was moving some shopping carts in the parking lot. She said that she felt her back "pull." As a result of the injury, Dr. Henry Barnard, a neurosurgeon, performed back surgery on the employee and then referred her to Dr. Patrick Ryan, another neurosurgeon. Dr. Ryan treated her for disk problems in her neck as well as her back. Dr. Ryan and Dr. Timothy Holt performed a second back surgery on the employee several months after Dr. Barnard's surgery.

I. Was the Neck Injury Work-Related?

We first address whether the employee's neck injury arose in the line and scope of her employment. The employer argues that the trial court's finding that the employee's neck injury was work-related is not supported by substantial evidence. However, Dr. Ryan testified that the employee's neck injury was related to the lower-back injury she sustained while pushing the shopping carts. Therefore, we conclude that this testimony constitutes substantial evidence supporting the trial court's finding that the neck injury was work-related.

II. Is the Finding of Permanent Total Disability Supported by Substantial Evidence?

We next address whether the trial court's finding that the employee was permanently and totally disabled is supported by substantial evidence. Jim Cowart, the employee's vocational rehabilitation expert witness, testified that the employee has a 100% loss of earning capacity. The employee has a high school degree, has no further education or training, and has a work history in the sewing and grocery industries. Dr. Holt testified that the employee would have difficulty in maintaining employment for which she is qualified because of the three back surgeries (two of which are related to the work-related accident) she has had in a five-year period. Therefore, we conclude that the trial court's finding of permanent total disability is supported by substantial evidence.

III. Calculation of Attorney Fees

We lastly address whether the trial court correctly calculated the attorney fees due the employee's attorney. The trial court found that the weekly benefit is $278.92; that amount is offset by $90.38 per week pursuant to § 25-5-57(c)(1), Ala. Code 1975, because the employer has a disability plan that pays that amount per week in lieu of workers' compensation benefits. Section 25-5-57(c)(1), Ala.Code 1975, provides:
"The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan providing for sick pay by the amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted."
It is undisputed that the $90.38 per week benefits is from a plan defined in § 25-5-57(c)(1).
The trial court calculated the attorney fees for the unaccrued benefits without deducting the $90.38 from the $278.92 amount. The employer argues that the $90.38 setoff should be excluded for purposes of calculating the attorney fees.
Section 25-5-90(a), Ala.Code 1975, states that attorney fees "shall not exceed 15 percent of the compensation awarded or paid." The employer argues that $278.92 less the $90.38 setoff is the "compensation awarded or paid," while the employee contends that $278.92 without deducting the *564 setoff is the "compensation awarded or paid." This issue has not been decided before in Alabama.
The employee in her brief cites Sanders v. Dunlop Tire Corp., 706 So.2d 716 (Ala. Civ.App.1996), aff'd in part, rev'd in part, 706 So.2d 729 (Ala.1997). Sanders is the only case decided in Alabama that mentions the calculation of attorney fees where a setoff pursuant to § 25-5-57(c)(1) is implicated. The trial court in Sanders calculated the attorney fees without deducting the setoff from the benefits; however, the calculation of the attorney fees was not an issue on appeal in this court or in the supreme court.
The employer's brief cites Bynum v. City of Huntsville, 779 So.2d 243 (Ala.Civ. App.1999), which holds that the attorney fees are calculated after deducting the credit due the employer pursuant to § 25-5-11(e) for the recovery from a third-party tortfeasor. The employer argues that this holding provides guidance for the issue presented in this case and the policy considerations of deducting a credit before calculating the attorney fees support a similar calculation method in applying the setoff of § 25-5-57(c)(1).
Our research has disclosed one case addressing a similar issue. In Ford Motor Co. v. Stewart, 762 S.W.2d 817 (Ky.App. 1988), the employee's workers' compensation award was totally offset by a disability plan provided by the employer. The Court of Appeals of Kentucky held that the attorney was entitled to attorney fees. Stewart, 762 S.W.2d at 819. The court reasoned:
"If a credit against workers' compensation for the payment of other benefits could be applied so as to completely extinguish any workers' compensation liability including the payment of an attorney's fee, the result would be that in cases such as we have here, the injured employee would be unable to obtain legal assistance in pursuing his workers' compensation claim and would in all probability be forced to forego the claim."
Id. We adopt the reasoning of the Court of Appeals of Kentucky and conclude that the trial court properly calculated the attorney fees in this case without first deducting the amount of the disability plan provided by the employer.
We are not persuaded by the employer's reliance on interpretations of § 25-5-11(e). The Bynum court stated that its calculation method prevents the attorney from "receiv[ing] a double fee for the moneys he has secured for his client." 779 So.2d at 247. In this case, the attorney is not receiving a "double recovery" of fees by calculating the attorney fees before deducting the employer-provided disability-plan setoff. In a third-party tortfeasor action pursuant to § 25-5-11 liability for some or all of the workers' compensation benefits is being shifted from the employer to a third party. In this case, the employer is still liable for the entire amount of benefits owed the employee. It so happens that part of the benefit amount is paid by an employer-provided disability plan; however, the amount of the benefits is dictated by the Workers' Compensation Act. In fact, § 25-5-57(c)(1) specifically requires that the disability plan be paid by the employer in order for a setoff to be allowed.
Furthermore, calculating the attorney fees before deducting the employer-provided disability-plan amount does not increase the employer's liability. Section 25-5-90(a) limits attorney fees to "15 percent of the compensation awarded or paid." Our holding merely interprets the phrase "compensation awarded or paid" to include benefits paid pursuant to an employer-provided disability plan as well as *565 benefits paid pursuant to a workers' compensation insurance plan. The facts of the Stewart case cited above provide a compelling reason for our holding  an employer may provide a disability plan that satisfies the entire amount of workers' compensation benefits owed to the employee. Under those facts, if the amount of the employer-provided disability plan were deducted before calculation of the attorney fees, then an attorney who successfully prosecuted a workers' compensation case could receive no payment for his or her work in the case. Awarding no attorney fees to an attorney who successfully prosecutes a workers' compensation case and secures a recovery for the employee would be an unreasonable interpretation of § 25-5-90(a). We will not interpret § 25-5-90(a) in such a manner as to allow an award of no attorney fees to an attorney who successfully prosecutes a workers' compensation claim.
The trial court's judgment specifically finds that the amount of weekly compensation to be awarded to the employee is $278.92. Therefore, applying our reasoning above, we conclude that the $278.92 weekly amount is the "compensation awarded or paid," and that the attorney fees are calculated before the deduction of the disability-plan amount.
Therefore, the trial court's judgment is affirmed.
AFFIRMED.
THOMPSON, J., concurs.
YATES, P.J., concurs in the result.
MURDOCK, J., concurs in part and dissents in part.
MURDOCK, Judge, concurring in part and dissenting in part.
I agree with the contention of the employer in this case that the trial court miscalculated the attorney fees. I therefore dissent with respect to that issue. I concur in the main opinion insofar as it relates to the other issues raised.
Section 25-5-90(a), Ala.Code 1975, states, in part, that attorney fees shall not exceed "15 percent of the compensation awarded or paid." An understanding of the meaning of the terms "awarded" and "paid" requires that those terms be read in pari materia with the other provisions of § 25-5-90(a). That subsection states, in part:
"[T]he judge, upon the hearing of the complaint for compensation, either by law or by settlement, shall fix the fee of the attorney for the plaintiff for his or her legal services and the manner of its payment, but the fee shall not exceed 15 percent of the compensation awarded or paid."
(Emphasis added.) I read the terms "awarded" and "paid" as terms that correspond, respectively, to the references earlier in the same sentence to a hearing of the complaint for compensation either "by law" or "by settlement." See generally, e.g., IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992) (statutory terms are to be construed according to their plain meaning); Darks Dairy, Inc. v. Alabama Dairy Comm'n, 367 So.2d 1378, 1380-81 (Ala.1979) (phrases in the same statute are to be read in pari materia with one another, not in isolation); Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1225 (Ala.1984) (courts must look to entire statutory scheme in construing statute).
Under Alabama's Workers' Compensation Act, the employee in this case was not entitled to compensation benefits that would duplicate the $90.38 she received pursuant to the disability plan funded by the employer for his benefit. See § 25-5-57(c)(1), Ala.Code 1975. Thus, all the employee *566 ever could obtain in this case, "either by law or by settlement," was an award of the balance of the $278.92 weekly benefit owed by the employer under the Act, or $188.54. It is this latter amount, $188.54, that in this case is the "compensation awarded or paid"  or, more specifically in light of the fact that these moneys were obtained by way of a court judgment rendered in an action at "law," and not by way of a settlement, the $188.54 is the "compensation awarded." The language of § 25-5-90(a) therefore plainly requires that the attorney fee in this case not exceed 15 percent of this amount.
Unlike Judge Pittman, I see the principles upon which this court based its attorney-fee holding in Bynum v. City of Huntsville, 779 So.2d 243 (Ala.Civ.App. 1999), as principles that fully undergird the employer's position in the present case. In Bynum, Judge Crawley, writing for the court, explained:
"The worker's award of compensation had to be reduced by the amount of his third-party recovery under § 25-5-11(a), [Ala.Code 1975,] and the trial court awarded him only $2,973.92 in compensation after the credit. Accordingly, the attorney fee for the compensation action must also be limited because the fee in a workers' compensation action `shall not exceed 15% of the compensation awarded or paid.' Ala.Code 1975, § 25-5-90 (emphasis added). If the attorney fee is not also limited, the attorney would receive a double fee for the moneys he has secured for his client."
779 So.2d at 247. In like manner, in the present case "[t]he worker's award of compensation had to be reduced by the amount of his [$90.38 recovery from the employer-funded disability plan]," and, therefore, "the trial court awarded him only [$188.54 per week in benefits] after the credit. Accordingly, the attorney fee for the compensation action must also be limited because the fee in a workers' compensation action `shall not exceed 15% of the compensation awarded or paid.' Ala. Code 1975, § 25-5-90 (emphasis added)." 779 So.2d at 247.
The holding of this court in Bynum squares with the purpose of § 25-5-90, which is apparent on the face of that statute, namely, to compensate the employee's attorney "for his or her legal services" in recovering benefits under the Act that would not have been received by the employee if not for the workers' compensation action. Under the statute, such fees are to be based upon the compensation benefits the attorney secures for his client, just as contingency fees are generally.
Although the purpose of the statute is to provide fair compensation to an attorney for the moneys he has secured for his client, the approach adopted in the main opinion could result in an attorney fee several times more than the "double fee" about which this court was concerned in Bynum. 779 So.2d at 247. Take, for example, a case in which an employer has funded a disability plan that, before the employee even hires an attorney, pays the employee an amount that is equal to 90 percent of the compensation benefits due the employee under the Workers' Compensation Act. Applying the approach adopted in the main opinion, an attorney hired by the employee to pursue a compensation action for the balance owed by the employer (after the credit allowed by § 25-5-57(c)(1)) could seek a fee of 15 percent of the entire recovery, i.e., the combined recovery from both the disability plan and the compensation action. This would be a fee 10 times the amount of a fee based on 15 percent of the amount actually recovered for the employee by the attorney.
Further, there would be only two possible sources for the funds needed to pay *567 such a fee: If the entire 15 percent fee were to be taken from funds that would otherwise be paid to the employee, there would be a disincentive for the employee to sue a recalcitrant employer for the final 10 percent of his compensation benefits. A successful action could lead to an attorney fee that would not only absorb all of the moneys recovered thereby, but would also eat into the amount already recovered by the employee before he ever hired an attorney. The other alternative would be to provide for a payment by the employer of more than 100 percent of its compensation liability in order to fund all or part of the attorney-fee award. From my reading of the Workers' Compensation Act, I do not find that the Legislature has provided for, or intended, either result.[1]
This case is no different in principle than one in which an employer voluntarily pays all or most of the compensation benefits due its injured employee. Before the lawsuit was commenced in Ex parte Shaw, 210 Ala. 185, 97 So. 694 (1923), the employer had already paid all but $13 of the compensation due; the employer paid the remaining $13 when it filed its answer. The employee argued on appeal to the Supreme Court that the trial court erred in failing to award an attorney fee. 210 Ala. at 187, 97 So. at 695. The Supreme Court rejected this argument, explaining that an attorney fee "must come out of the compensation awarded" and that the proceeding at issue was not commenced until the plaintiff had already accepted from the defendant $637 of the total of $650 in compensation benefits due to the employee. Id. As the Supreme Court reasoned, because the proceeding "produced nothing" (although the court did enter a judgment for the plaintiff for $13), the trial court's failure to award an attorney's fee was not error. 210 Ala. at 188, 97 So. at 695.
Moreover, in Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988), our Supreme Court addressed a situation in which the employer voluntarily paid the employee the maximum benefit available under the Workmen's Compensation Act, before the initiation of the employee's lawsuit. The Supreme Court held "that the employee's lawyer is not entitled to any fee for the benefits received by the employee before the date of trial." 535 So.2d at 162. Thus, as one commentator has noted: "A claimant's attorney, no matter how industrious, who does not produce any compensation for the client may not receive a fee." 2 Terry A. Moore, Alabama Workers' Compensation § 29:6 (1998). Likewise, I cannot conclude that the Legislature intended that an attorney may receive up to 15 percent of moneys not produced for an injured employee by the attorney.
This court and our Supreme Court have repeatedly held that the Workers' Compensation Act is to be construed so as to further the beneficent purposes thereof. *568 See, e.g., Ex parte Beaver Valley Corp., 477 So.2d 408 (Ala.1985). That purpose is to benefit the injured employee, not her attorney. The Legislature has tailored the compensation benefits available under the Act to accord its view of the support needed by a claimant during disability. There is little if anything to indicate that the Legislature included in the benefits available under the Act much in the way of padding to take care of legal and other expenses incurred in obtaining awards under the Act. To award to an attorney a percentage of moneys he played no role in obtaining for an employee would be at odds with the beneficent purpose of the Act.
NOTES
[1] In a case such as that postulated, it might be argued that this court could hold that a fee award of 15 percent of the entire recovery received by the employee was an abuse of discretion. I do not think the language of § 25-5-90 contemplates a dependence upon an abuse-of-discretion "safety net," however.

I also note that the approach adopted in the main opinion would be applicable to a case involving not a disability plan payment under § 25-5-57(c)(1), but simply an employer who pays most  e.g., 90 percent  of its injured employee's compensation benefits, but fails or refuses to pay the balance. The employer would be insulated from liability to the extent that the employee is discouraged by the prospect of a disproportionately high fee award from bringing a workers' compensation action to enforce his rights for the balance due. See discussion in text, infra. See generally Wal-Mart Stores, Inc. v. Kennedy, 799 So.2d 188 (Ala.Civ.App.2001) (rejecting application of workers' compensation penalty statute to underpaid benefits).