Debra Killingsworth ("the employee") sued Bruno's, Inc., d/b/a Food World No. 62 ("the employer") seeking workers' compensation benefits, alleging that she was injured in the line and scope of her employment and that as a result of her injuries she suffered a permanent disability. Following the presentation of ore tenus evidence, the trial court found that the employee suffered a permanent total disability. The employer filed a post-judgment motion, which was denied by operation of law.
The employer appeals. It argues that the trial court erred (1) by finding that the employee's neck injury was work-related and by awarding the employee benefits for that injury; (2) by finding that the employee suffered a permanent total disability; and (3) in its calculation of the attorney fees due the employee's attorney.
This court will not reverse the trial court's judgment in a workers' compensation case based on factual findings if those findings are supported by "substantial evidence." Section25-5-81(e)(2), Ala. Code 1975. Substantial evidence is "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Trinity Indus.,Inc., 680 So.2d 262, 268 (Ala. 1996), quoting West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). The trial court's legal conclusions, however, are afforded no presumption of correctness, and this court reviews such findings de novo. Ex parte Cash, 624 So.2d 576 (Ala. 1993).
The employee worked as a produce manager for the employer. Her job duties included unloading produce-delivery trucks, stocking produce, and moving pallets of produce. She testified that as part of her duties she would have to lift up to 25 pounds. She also testified that her job duties required standing almost all the *Page 563 
time and that she would sit only for breaks and lunch.
The employee testified that she was injured while she was moving some shopping carts in the parking lot. She said that she felt her back "pull." As a result of the injury, Dr. Henry Barnard, a neurosurgeon, performed back surgery on the employee and then referred her to Dr. Patrick Ryan, another neurosurgeon. Dr. Ryan treated her for disk problems in her neck as well as her back. Dr. Ryan and Dr. Timothy Holt performed a second back surgery on the employee several months after Dr. Barnard's surgery.
 I. Was the Neck Injury Work-Related?
We first address whether the employee's neck injury arose in the line and scope of her employment. The employer argues that the trial court's finding that the employee's neck injury was work-related is not supported by substantial evidence. However, Dr. Ryan testified that the employee's neck injury was related to the lower-back injury she sustained while pushing the shopping carts. Therefore, we conclude that this testimony constitutes substantial evidence supporting the trial court's finding that the neck injury was work-related.
 II. Is the Finding of Permanent Total Disability Supported by Substantial Evidence?
We next address whether the trial court's finding that the employee was permanently and totally disabled is supported by substantial evidence. Jim Cowart, the employee's vocational rehabilitation expert witness, testified that the employee has a 100% loss of earning capacity. The employee has a high school degree, has no further education or training, and has a work history in the sewing and grocery industries. Dr. Holt testified that the employee would have difficulty in maintaining employment for which she is qualified because of the three back surgeries (two of which are related to the work-related accident) she has had in a five-year period. Therefore, we conclude that the trial court's finding of permanent total disability is supported by substantial evidence.
 III. Calculation of Attorney Fees
We lastly address whether the trial court correctly calculated the attorney fees due the employee's attorney. The trial court found that the weekly benefit is $278.92; that amount is offset by $90.38 per week pursuant to § 25-5-57(c)(1), Ala. Code 1975, because the employer has a disability plan that pays that amount per week in lieu of workers' compensation benefits. Section25-5-57(c)(1), Ala. Code 1975, provides:
 "The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan providing for sick pay by the amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted."
It is undisputed that the $90.38 per week benefits is from a plan defined in § 25-5-57(c)(1).
The trial court calculated the attorney fees for the unaccrued benefits without deducting the $90.38 from the $278.92 amount. The employer argues that the $90.38 setoff should be excluded for purposes of calculating the attorney fees.
Section 25-5-90(a), Ala. Code 1975, states that attorney fees "shall not exceed 15 percent of the compensation awarded or paid." The employer argues that $278.92 less the $90.38 setoff is the "compensation awarded or paid," while the employee contends that $278.92 without deducting the *Page 564 
setoff is the "compensation awarded or paid." This issue has not been decided before in Alabama.
The employee in her brief cites Sanders v. Dunlop Tire Corp.,706 So.2d 716 (Ala.Civ.App. 1996), aff'd in part, rev'd in part,706 So.2d 729 (Ala. 1997). Sanders is the only case decided in Alabama that mentions the calculation of attorney fees where a setoff pursuant to § 25-5-57(c)(1) is implicated. The trial court in Sanders calculated the attorney fees without deducting the setoff from the benefits; however, the calculation of the attorney fees was not an issue on appeal in this court or in the supreme court.
The employer's brief cites Bynum v. City of Huntsville,779 So.2d 243 (Ala.Civ.App. 1999), which holds that the attorney fees are calculated after deducting the credit due the employer pursuant to § 25-5-11(e) for the recovery from a third-party tortfeasor. The employer argues that this holding provides guidance for the issue presented in this case and the policy considerations of deducting a credit before calculating the attorney fees support a similar calculation method in applying the setoff of § 25-5-57(c)(1).
Our research has disclosed one case addressing a similar issue. In Ford Motor Co. v. Stewart, 762 S.W.2d 817 (Ky.App. 1988), the employee's workers' compensation award was totally offset by a disability plan provided by the employer. The Court of Appeals of Kentucky held that the attorney was entitled to attorney fees.Stewart, 762 S.W.2d at 819. The court reasoned:
 "If a credit against workers' compensation for the payment of other benefits could be applied so as to completely extinguish any workers' compensation liability including the payment of an attorney's fee, the result would be that in cases such as we have here, the injured employee would be unable to obtain legal assistance in pursuing his workers' compensation claim and would in all probability be forced to forego the claim."
Id. We adopt the reasoning of the Court of Appeals of Kentucky and conclude that the trial court properly calculated the attorney fees in this case without first deducting the amount of the disability plan provided by the employer.
We are not persuaded by the employer's reliance on interpretations of § 25-5-11(e). The Bynum court stated that its calculation method prevents the attorney from "receiv[ing] a double fee for the moneys he has secured for his client."779 So.2d at 247. In this case, the attorney is not receiving a "double recovery" of fees by calculating the attorney fees before deducting the employer-provided disability-plan setoff. In a third-party tortfeasor action pursuant to § 25-5-11 liability for some or all of the workers' compensation benefits is being shifted from the employer to a third party. In this case, theemployer is still liable for the entire amount of benefits owedthe employee. It so happens that part of the benefit amount is paid by an employer-provided disability plan; however, the amount of the benefits is dictated by the Workers' Compensation Act. In fact, § 25-5-57(c)(1) specifically requires that the disability plan be paid by the employer in order for a setoff to be allowed.
Furthermore, calculating the attorney fees before deducting the employer-provided disability-plan amount does not increase theemployer's liability. Section 25-5-90(a) limits attorney fees to "15 percent of the compensation awarded or paid." Our holding merely interprets the phrase "compensation awarded or paid" to include benefits paid pursuant to an employer-provided disability plan as well as *Page 565 
benefits paid pursuant to a workers' compensation insurance plan. The facts of the Stewart case cited above provide a compelling reason for our holding — an employer may provide a disability plan that satisfies the entire amount of workers' compensation benefits owed to the employee. Under those facts, if the amount of the employer-provided disability plan were deducted before calculation of the attorney fees, then an attorney who successfully prosecuted a workers' compensation case could receive no payment for his or her work in the case. Awarding no attorney fees to an attorney who successfully prosecutes a workers' compensation case and secures a recovery for the employee would be an unreasonable interpretation of § 25-5-90(a). We will not interpret § 25-5-90(a) in such a manner as to allow an award of no attorney fees to an attorney who successfully prosecutes a workers' compensation claim.
The trial court's judgment specifically finds that the amount of weekly compensation to be awarded to the employee is $278.92. Therefore, applying our reasoning above, we conclude that the $278.92 weekly amount is the "compensation awarded or paid," and that the attorney fees are calculated before the deduction of the disability-plan amount.
Therefore, the trial court's judgment is affirmed.
AFFIRMED.
THOMPSON, J., concurs.
YATES, P.J., concurs in the result.
MURDOCK, J., concurs in part and dissents in part.