I dissent as to that portion of the main opinion declining to address the attorney-fee issue at this juncture. I would at this juncture instruct the trial court on remand to recalculate attorney fees based on the benefits to be awarded after the appropriate setoffs are applied. See Bruno's, Inc. v.Killingsworth, 879 So.2d 561, 565 (Ala.Civ.App. 2002) (Murdock, J., concurring in part and dissenting in part), writ quashed,879 So.2d 568 (Ala. 2003); Fort James Operating Co. v. Thompson,871 So.2d 44, 49 (Ala.Civ.App. 2002) (Murdock, J., concurring in part, concurring in the result in part, and dissenting in part).
I also dissent as to that portion of the main opinion affirming the trial court's award of "other benefits." Fort James argues on appeal that this award "places an uncertain and vague liability on Fort James" and that this award "may place liability on Fort James without proof that Irby is entitled to `other benefits.'" I agree; I do not know what these "other benefits" would be. Accordingly, I believe the trial court should be instructed to delete the award of undetermined "other benefits" from its judgment.
Except as discussed above, I concur in the result reached by the main opinion.