Goodyear Tire Rubber Company ("the company") appeals from a judgment calculating a 15% attorney fee in a workers' compensation action brought by Byron Moore, Jr. ("the worker"). The company provides the worker with a disability pension, which the trial court properly applied as an offset to the amount of compensation to be paid by the company pursuant to Ala Code 1975, § 25-5-57(c)(1). As explained by this court in Bruno's, Inc. v.Killingsworth, 879 So.2d 561, 564 (Ala.Civ.App. 2002), writ quashed as improvidently granted, 879 So.2d 568 (Ala. 2003), the trial court computed the attorney fee due the worker's attorney by calculating 15% of the total amount of benefits due the worker before the deduction of the setoff amount. The company appeals, urging this court to reconsider the holding of Killingsworth
or, in the alternative, to determine that the trial court abused its *Page 1240 
discretion in setting the fee at 26% of the amount actually due to be paid to the worker directly by the company.
Although neither party raises the issue of jurisdiction to this court, we take notice of the lack of jurisdiction ex mero motu.See Ruzic v. State ex rel. Thornton, 866 So.2d 564, 568-69
(Ala.Civ.App. 2003) (discussing the general rule that this court notices lack of jurisdiction ex mero motu and citing to several cases noting that rule). In Ex parte Fort James Operating Co.,871 So.2d 51, 54 (Ala. 2003), our supreme court, relying on and quoting from Topline Retreads of Decatur, Inc. v. Moore,484 So.2d 1090, 1091 (Ala.Civ.App. 1985), in its analysis, concluded that an employer in a workers' compensation case, because it pays no portion of the attorney fee awarded to the worker's attorney, has "no standing to obtain . . . review of the calculation of those fees." "`[L]ack of standing [is] a jurisdictional defect,'"State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028
(Ala. 1999) (quoting Tyler House Apartments, Ltd. v. UnitedStates, 38 Fed. Cl. 1, 7 (1997)), and it "`remains open to review at all stages of the litigation.'" Ex parte Fort JamesOperating Co., 871 So.2d at 54 (quoting National Org. forWomen, Inc. v. Scheidler, 510 U.S. 249, 255, 114 S.Ct. 798,127 L.Ed.2d 99 (1994)). Therefore, because the company in the present case lacks standing to seek appellate review of the attorney fee award to the worker's attorney, we must dismiss this appeal. SeeCity of Dothan Pers. Bd. v. DeVane, 860 So.2d 881, 892
(Ala.Civ.App. 2002).
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.