Devon LITSEY, Appellant,

v.

Jack ALLEN and Gray & Allen, PSC.; State Farm Fire & Casualty Company, Appellees.

No. 2010–CA–001777–MR.

Court of Appeals of Kentucky.

June 1, 2012.

As Modified June 29, 2012.

Wallace N. Rogers, Louisville, KY, for appellant.

W. David Kiser, Jeffrey D. Thompson, Scott P. Whonsetler, Louisville, KY, for appellees Jack Allen, M.D. and Gray and Allen, P.S.C.

David T. Klapheke, Ian C.B. Davis, Louisville, KY, for Appellee State Farm Fire and Casualty Company.

Before DIXON and VANMETER, Judges; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge:

Devon Litsey appeals from a summary judgment of the Jefferson Circuit Court dismissing her claims against Jack Allen, M.D., his medical practice Gray & Allen, P.S.C. (collectively, "Dr. Allen") and his insurance carrier, State Farm Fire and Casualty Company (State Farm). Litsey argues that the trial court erred by holding that her claims for malpractice and intentional infliction of emotional distress were barred by the one-year statute of limitations in KRS 413.140(1)(e). We agree with the trial court's conclusion that Litsey's claim for malpractice was not tolled following her last visit with Dr. Allen, and that her claim for intentional infliction of emotional distress was subject to the one-year limitation period.

On December 8, 2008, Litsey filed an action against Dr. Allen. In her complaint, Litsey alleged that she had been a patient of Dr. Allen's since 2005. During the course of her treatment, Dr. Allen prescribed the drug Xanax to Litsey to

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

treat her medical condition, and she regularly returned to his office for re-authorization of the prescription. Litsey alleges that Dr. Allen prescribed Xanax to her to make her vulnerable to his sexual advances. She further alleged that Dr. Allen subjected her to inappropriate sexual comments and advances during the course of her treatment. Based on this alleged conduct, Litsey sought damages under several theories, including medical malpractice and intentional infliction of emotional distress.

State Farm intervened and sought declaratory relief concerning its obligation to provide coverage. Thereafter, Dr. Allen and State Farm moved for summary judgment, arguing that the claims for medical malpractice and intentional infliction of emotional distress were barred by the one-year statute of limitations contained in KRS 413.140(1)(e). The trial court agreed, and granted the motion for summary judgment on July 22, 2010. Subsequently, Litsey moved the trial court for specific findings of fact regarding the applicable limitation periods. The trial court entered additional findings on August 25, 2010. Litsey now appeals.

The standard of review governing an appeal from a summary judgment is well-settled. We must determine whether the trial court erred in concluding "that there [was] no genuine issue[ ] as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996). "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991). Since a "summary judgment[ ] involve[s] no fact finding, this Court['s] review[ ] [is] *de novo,* in the

sense that we owe no deference to the conclusions of the trial court." *Blevins v. Moran,* 12 S.W.3d 698, 700 (Ky.App.2000).

■ The issues on appeal in this case concern the application of the statute of limitations to Litsey's claims for malpractice and intentional infliction of emotional distress. With respect to the medical malpractice claim, KRS 413.140(1)(e) provides that "[a]n action against a physician, surgeon, dentist, or hospital licensed pursuant to KRS Chapter 216, for negligence or malpractice[ ]" "... shall be [brought] within one (1) year after the cause of action accrued[.]" Litsey admitted that her last visit with Dr. Allen occurred on August 27, 2007, more than one year prior to the filing of her claim. However, after her last visit, Litsey continued to have her prescriptions filled through Dr. Allen's office until January of 2008. In addition, Litsey scheduled an appointment with Dr. Allen for January 17, 2008, but she did not keep the appointment. Litsey contends that the one-year limitation period was tolled by the "continuous course of treatment" doctrine and that the action filed in December of 2008 was timely.

■ In *Harrison v. Valentini,* 184 S.W.3d 521 (Ky.2005), the Kentucky Supreme Court applied continuous treatment rule to medical malpractice cases. As applied, the "continuous course of treatment doctrine" provides that "the statute of limitations is tolled as long as the patient is under the continuing care of the physician for the injury caused by the negligent act or omission." *Id.* at 524. (Footnote omitted). Since Litsey remained a patient of Dr. Allen's until at least January of 2008, she maintains that her action filed in December of 2008 was timely.

In support of its decision, the Court in *Harrison* noted "that the trust and confidence [which] marks the physician-patient relationship puts the patient at a disadvan-

tage to question the doctor's techniques, and gives the patient the right to rely upon the doctor's professional skill without the necessity of interrupting a continuing course of treatment by instituting suit." *Harrison*, 184 S.W.3d at 524. By tolling the statute of limitations for medical malpractice, the continuous course of treatment doctrine gives the patient the right to rely upon the physician without interrupting treatment by instituting suit. The doctrine "also gives the physician a reasonable [opportunity] to identify and correct errors made at an earlier stage of treatment." *Id.* at 524–25, citing *Watkins v. Fromm*, 108 A.D.2d 233, 488 N.Y.S.2d 768, 772 (1985). Consequently, the Court held that,

> where a patient relies, in good faith, on his physician's advice and treatment or, knowing that the physician has rendered poor treatment, but continues treatment in an effort to allow the physician to correct any consequences of the poor treatment, the continuous course of treatment doctrine operates to toll the statute of limitations until the treatment terminates at which time running of the statute begins.

*Id.* at 525.

In this case, Litsey alleges that Dr. Allen made inappropriate sexual advances to her on her last two office visits, March 29, 2007 and August 27, 2007. Litsey contends that her reliance on Dr. Allen for Xanax prescriptions impaired her ability to exercise proper judgment about her course of treatment and his misconduct. However, in her deposition, Litsey testified that she had "no doubt" that Dr. Allen's conduct was inappropriate at the time she left his office on August 27, 2007. Although Litsey continued to have her prescriptions renewed by Dr. Allen after that date, she does not allege that she was relying on him to correct the consequences of poor

treatment. This is not a case for the continuous course of treatment doctrine, and there was no tolling of the statute of limitations.

Litsey next argues that the trial court applied the wrong statute of limitations to her claim of intentional infliction of emotional distress, also known as outrage. Litsey correctly points out that the tort of intentional infliction of emotional distress

> is intended as a "gap-filler", providing redress for extreme emotional distress where traditional common law actions do not. Where an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie.

*Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. App.2001) citing *Brewer v. Hillard*, 15 S.W.3d 1, 8 (Ky.App.1999), and *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky.App.1993). Conversely, Litsey reasons that where the conduct was intended only to cause extreme emotional distress, it may be pursued independently of assault or negligence claims and is controlled by the five-year limitation period of KRS 413.120(7), as recognized in *Craft v. Rice*, 671 S.W.2d 247 (Ky.1984).

Dr. Allen argues, and the trial court agreed, that the claim is governed by the more specific one-year statute, KRS 413.140(1)(e), governing claims against medical providers. KRS 413.120(7) is a general limitation statute applying to "[a]n action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated." However, "[a] specific statute of limitation preempts a general statute of limitation where there is a conflict." *Boyd v. C & H Transp.*, 902 S.W.2d 823, 824 (Ky.1995). The limitation

period of KRS 413.140(1)(e) applies to all claims against physicians "for negligence or malpractice[.]"

Furthermore, in *Hackworth v. Hart*, 474 S.W.2d 377 (Ky.1971), the Court of Appeals held that the legislature did not intend for the word "malpractice" to be synonymous with the word "negligence". Rather, the Court interpreted the word "malpractice" broadly, and concluded that the one-year statute "governs all causes of action against physicians and surgeons regardless of whether the claim be alleged in tort or in contract." *Id.* at 380. Based on this authority, Litsey's claim for intentional infliction of emotional distress was not timely.

Finally, Litsey argues that Dr. Allen should be estopped from relying on the statute of limitation. By continuing to prescribe Xanax to her, Litsey contends that Dr. Allen sought to make her more vulnerable to his improper advances and to prevent her from seeking timely redress for his misconduct. However, Litsey did not present this argument to the trial court and no preserved claim is presented here. *Marksberry v. Chandler*, 126 S.W.3d 747, 753 (Ky.App.2004).

Accordingly, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.