Hollis Lacey filed a complaint for workmen's compensation benefits in the Circuit Court of Colbert County, Alabama, against American Shell Company, Inc. (American Shell), alleging that he was owed benefits for a work-related injury. Following a hearing, the trial court entered a summary judgment in favor of American Shell. Lacey appeals. The sole issue on appeal is whether an employer-employee relationship existed between American Shell and Lacey for purposes of the Workmen's Compensation Act.
 "Rule 56(c), A.R.Civ.P., states that summary judgment is appropriate if 'there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law.' Also, Ala. Code 1975, § 12-21-12(a), requires that '[p]roof by substantial evidence shall be required for purposes of testing the sufficiency of the evidence to support an issue of fact in rulings by the court, including . . . motions for summary judgment.' In all civil actions in Alabama, the scintilla rule is explicitly abolished by Ala. Code 1975, § 12-21-12(b).
". . . .
 " 'Substantial evidence' has been defined as 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
Brownfield v. Revco D.S., Inc., 612 So.2d 1203, 1204
(Ala.Civ.App. 1992). (Citations omitted.)
In cases involving summary judgment, no presumption of correctness attaches to the trial court's decision and our review is de novo. Also, in determining whether substantial evidence exists, we review the record in the light most favorable to the non-movant and resolve all reasonable doubts against the moving party. Brownfield, supra.
The record reveals that American Shell is in the business of processing mussel shells and then shipping the shells overseas. Roger Bratschi, a regional manager of American Shell, hired Lacey to perform electrical and plumbing work at American Shell's Cherokee plant. Bratschi and Lacey agreed that Lacey would be paid by the hour. Lacey supplied his own tools, and his business card describes his business as "Lacey's Electrical and Plumbing Service." While doing electrical work, Lacey fell some 23 feet off a ladder and was injured. *Page 686 
The test in determining whether a person is considered an employee or an independent contractor is the "right of control" test. Luallen v. Noojin, 545 So.2d 775 (Ala.Civ.App. 1989). Several factors have been used by this court to determine the right of control. Among these factors are direct evidence of the right or exercise of control; the method of payment used; whether the individual had the right to terminate employment; and the right to control another's time. Williamsv. Tennessee River Pulp Paper Co., 442 So.2d 20 (Ala. 1983);Turnipseed v. McCafferty, 521 So.2d 31 (Ala.Civ.App. 1987);White v. Henshaw, 363 So.2d 986 (Ala.Civ.App. 1978).
Lacey contends that he was an employee of American Shell. Lacey claims that Bratschi exercised the requisite amount of control necessary to establish an employer-employee relationship by instructing him as to what work to do and how it was to be done. Examples of such control, according to Lacey, are as follows: on one occasion Lacey suggested that new electrical panels be used, but Bratschi directed Lacey to utilize the old panels; on another occasion, Bratschi told Lacey that it was not necessary that all the lights work; and Bratschi suggested that new electrical lines be used for the outside lights.
The record reveals that, although Lacey was paid on an hourly basis, American Shell did not control the time Lacey reported to work, nor the number of hours per day he worked. Also, Lacey never had taxes taken out of the monies paid to him by American Shell, but, rather, Lacey reported his own income. Lacey used his own tools and billed American Shell for labor and materials on invoices bearing the name "Lacey's Electrical and Plumbing Service." Billing terms included a 10 percent mark-up on materials and provided for a service charge of 1 1/2 percent to be added to an unpaid balance after 30 days. Moreover, Lacey performed other projects for different individuals while doing electrical work for American Shell. The evidence indicates that American Shell was interested primarily in the completed project.
Based on the foregoing, we hold that Lacey failed to present substantial evidence that an employer-employee relationship existed between American Shell and himself. Accordingly, the summary judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.