[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 840 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 841 
Steve Walker, Sr., filed a workers' compensation action against Hooker Construction, Inc. ("the company"), alleging that he was employed by the company and that he was injured while so employed. American Interstate Insurance Company, the company's workers' compensation insurance carrier, filed a declaratory-judgment action against Liberty Mutual Insurance Company, claiming that, if Walker was entitled to any benefits, Liberty Mutual was liable because Liberty Mutual had paid Walker benefits for a previous work-related injury in 1986. The trial court consolidated the declaratory-judgment action with Walker's compensation action. Following the presentation of ore tenus evidence, the trial court ruled that Walker had been an employee of the company and that he was totally disabled. The court awarded benefits and ordered American Interstate to pay them. The court denied their postjudgment motions, and the company and American Interstate appealed. We will first address the issues raised by the company. The standard of review in a workers' compensation case was stated by our supreme court in Ex parteTrinity Indus., Inc., 680 So.2d 262 (Ala. 1996): "[W]e will not reverse the trial court's finding of fact if that finding is supported by substantial evidence — if that finding is supported by `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" 680 So.2d at 268-69 (quoting West v. Founders LifeAssurance Co., 547 So.2d 870, 871 (Ala. 1989)). Our review of *Page 842 
legal issues shall be without a presumption of correctness. Ala. Code 1975, § 25-5-81(e)(1).
The company first argues that the evidence was insufficient for the court to find that Walker was actually involved in an accident.
 "For an injury to be compensable, it must be `caused by an accident arising out of and in the course of' the employee's employment. § 25-5-51, Ala. Code 1975. The phrase `arising out of' an employee's employment requires a causal connection between the injury and the employment. The phrase `in the course of' the employee's employment refers to the time, place, and circumstances under which the accident occurred. In accidental cases, i.e., those involving a sudden and traumatic event, an employee must produce substantial evidence tending to show that the alleged accident occurred and must also establish medical causation by showing that the accident caused or was a contributing cause of the injury. Medical causation may be found by the trial court without testimony from medical doctors. The totality of the evidence, including both lay and expert testimony, may satisfy a showing of medical causation."
Pair v. Jack's Family Rests., Inc., 765 So.2d 678, 681 (Ala.Civ.App. 2000) (citations omitted).
The company hired Walker to construct porches for houses that the company was erecting. Walker testified that while working on a roof he slipped and fell. He said he was able to stop his fall by catching a rafter with his elbow, but that the incident caused an injury to his back. Walker stated he was able to climb back up, and then, with the help of his son, was able to come down the ladder. He said he then gathered his tools and left the work site.
The company attempted to contradict Walker's testimony that the accident had occurred, by presenting the testimony of Julie Cazalas. Cazalas was a subcontractor working at the same location on the day Walker said the accident occurred. She testified that she never saw Walker fall or act as if he had been injured, but that she did see him loading his truck with tools at the end of the day. Cazalas admitted that, although she did not witness a fall, it was possible that Walker had fallen without her knowledge. Whether the accident occurred is a question for the trier of fact.
 "The resolution of conflicting evidence is within the exclusive province of the trial court, and this court is forbidden to invade that province upon review. . . . Further, it is well established that the trial court is in the best position to observe the demeanor and credibility of the employee and other witnesses in a workers' compensation case."
Mayfield Trucking Co. v. Napier, 724 So.2d 22, 25 (Ala.Civ.App. 1998). After reviewing the record, we hold that it contains substantial evidence supporting the finding that the accident occurred.
The company next argues that Walker failed to present substantial evidence of medical causation. To prove his entitlement to workers' compensation benefits, Walker must prove causation — both legal and medical. See Patterson v. Clarke County Motors, Inc., 551 So.2d 412, 415
(Ala.Civ.App. 1989).
 "To establish legal causation, the [worker] must show that he was exposed to a risk or hazard to which he would not have been exposed had he not been performing his job. . . . To establish medical causation, the [worker] must show that the hazard or risk to which he was *Page 843 
 exposed was, in fact, a contributing cause of his injury."
Patterson, 551 So.2d at 415; see also Ex parte Valdez, 636 So.2d 401, 404
(Ala. 1994). In support of its argument, the company contends that because Walker's physician, Dr. Robert Zarzour, was unable to say, to a reasonable degree of medical certainty, that Walker's injuries resulted from the alleged fall, Walker failed to show medical causation. However, "[t]he trial court may find medical causation without testimony from medical doctors. The totality of the evidence, including both lay and expert testimony, may satisfy a showing of medical causation." Wal-MartStores, Inc. v. Kennedy, 799 So.2d 188, 195 (Ala.Civ.App. 2001) (citations omitted).
We hold that the record contains sufficient evidence to support a finding of medical causation. When the doctor was asked if Walker's injury was consistent with the kind of accident Walker described, the doctor responded by saying, "It would correlate." Therefore, because we have already accepted the trial court's finding that the fall actually occurred, we conclude that the evidence was sufficient to show medical causation. We now turn our attention to American Interstate's issues.
American Interstate first argues that the trial court erred when it found that Walker was an employee of Hooker Construction rather than an independent contractor. Specifically, American Interstate contends that the evidence was insufficient to support a finding that Hooker Construction had reserved the right to control the method and manner in which Walker constructed the porches.
To determine whether a person is considered an employee or an independent contractor, we apply the "right-of-control" test. Lacey v.American Shell Co., 628 So.2d 684 (Ala.Civ.App. 1993). When applying this test, we consider the following factors: direct evidence of the right or exercise of control; the method of payment used; whether one had the right to terminate employment; and the right to control another's time.Williams v. Tennessee River Pulp Paper Co., 442 So.2d 20 (Ala. 1983); Turnipseed v. McCafferty, 521 So.2d 31 (Ala.Civ.App. 1987); andWhite v. Henshaw, 363 So.2d 986 (Ala.Civ.App. 1978). "[T]he retention of control necessary to establish employee status is determined on a case-by-case basis. No one fact by itself can create an employer-employee relationship." Luallen v. Noojin, 545 So.2d 775, 776 (Ala.Civ.App. 1989).
The record contains substantial evidence supporting the trial court's finding that Walker was an employee rather than a subcontractor. Walker testified that before he began working for Hooker Construction he had a discussion with Mr. Hooker, the owner of Hooker Construction, and with Adrian Porter, who was a supervisor for the company, regarding workers' compensation insurance and regarding employment pay. Walker stated that he and Porter came to an agreement that his pay would be less than the pay other workers would receive because his workers' compensation insurance was to be paid by the company. There was no evidence to contradict the claim that such an agreement was reached. Although Porter testified that no money was withheld from Walker's pay for workers' compensation insurance, Porter was never asked whether any such agreement was made.
Furthermore, the company provided Walker with manuals relating to safety, work rules, and disciplinary policies. One manual listed the "general work rules," such as the scheduled hours each "employee is expected to be at his/her station or area designated by the job *Page 844 
superintendent," when breaks were allowed, and various other rules. That evidence supports the inference that the company controlled Walker's time.
The record also contains evidence suggesting that the company supervised Walker's work. Porter testified that he, or someone else with the company, would stop and look over Walker's progress between one and three times a day. If Walker was incorrectly constructing a porch, the company would inform Walker as to what corrections he was to make. When taken as a whole, the evidence supports the trial court's finding.
American Interstate next argues that the record does not contain substantial evidence supporting the trial court's finding that Walker gave proper notice of his injury. Ala. Code 1975, § 25-5-78, states:
 "For purposes of this article only, an injured employee or the employee's representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident. If the notice is not given, the employee or the employee's dependent shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article, unless it can be shown that the party required to give the notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason."
Walker claimed the accident occurred on January 7, 1999. He claimed that as he was leaving the work site he spoke with a supervisor and informed him of the accident. He also testified that he attempted to file a written report of the accident with the company the next day, but was unable to do so because the on-site office was out of forms. Walker said he was told by employees at the work-site that they were not sure when the forms would be available. Walker said he returned to fill out the report on two other occasions before finally being able to file a written report about a month after the accident. The injury report lists the "date of occurrence" as January 7, 1999, which is the date Walker claims the accident occurred. Based on this evidence, we hold that Walker satisfied the "equal[ly] good reason" exception contained in § 25-5-78.
American Interstate next contends that the trial court erred in finding that Walker's injury was the result of the 1999 accident rather than of the accident Walker had had in 1985. Liberty Mutual had paid for the medical bills for the 1985 injury.
Dr. Zarzour, an orthopedic surgeon, stated that he first treated Walker in 1986 for a work-related back injury. He released Walker later that year and assigned Walker a five-percent disability rating after he determined that Walker had reached maximum medical improvement. Although Walker had been released, he visited Dr. Zarzour occasionally thereafter because of pain associated with the injury.
After the accident in January, Walker again went to Dr. Zarzour. Dr. Zarzour stated that Walker was suffering from a herniated disc, with sciatica leg pain, which was the same problem as before. After treating Walker, the doctor assigned him a seven-percent disability rating and concluded that the 1999 accident had aggravated a preexisting condition incurred originally from the 1985 accident.
When determining which insurance company will be liable for benefits where a worker aggravates a prior injury, we apply the "last-injurious-exposure" rule: *Page 845 
 "Under the last-injurious-exposure rule, the carrier covering the risk at the time of the most recent compensable injury bearing a causal relation to the disability bears the responsibility to make the required workers' compensation payments. `The characterization of the second injury as a new injury, an aggravation of a prior injury, or a recurrence of an old injury determines which insurer is liable.' If the second injury is a `new injury' or an `aggravation of a prior injury,' then the carrier at the time of the second injury is liable for the resulting medical bills and disability payments."
Ex parte Pike County Comm'n, 740 So.2d 1080, 1083 (Ala. 1999) (citations omitted).
Furthermore, "[i]t is well settled that no preexisting condition is deemed to exist for the purposes of a workers' compensation award if the employee was able to perform the duties of his job prior to the subject injury." Taylor v. Mobile Pulley Mach. Works, 714 So.2d 300, 302
(Ala.Civ.App. 1997). Evidence showed that before the 1999 accident Walker had not gone to Dr. Zarzour in almost a year and that he was able to perform his duties while working. Therefore, based on this evidence and on the testimony regarding Dr. Zarzour's assessment of the second injury, we uphold the trial court's findings.
American Interstate last argues that the trial court erred by ordering it to pay the cost of Walker's vocational expert, because no invoice or other evidence was presented as to this expense. Under § 25-5-89, whether to award costs associated with an expert witness is a matter within the trial court's discretion. See Sanders v. Green, 726 So.2d 715
(Ala.Civ.App. 1998). Because Walker presented nothing to substantiate his claim that the vocational expert's fee was $750, we conclude that the trial court abused its discretion by awarding Walker $750 for the cost of his vocational expert.
We affirm those portions of the judgment finding that Walker was the company's employee, that he was injured in a 1999 work-related accident, that he gave proper notice of his injury, and that the company is liable for benefits. We reverse that portion of the judgment awarding Walker an expert-witness fee of $750 for his vocational expert.
AFFIRMED IN PART AND REVERSED IN PART.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.