Barbara Willingham ("the employee") sued United Defense, L.P. ("the employer"), seeking workers' compensation benefits. She alleged that she was injured in the line and scope of her employment and that she suffered a permanent disability. The employee alleged three work-related injuries; (1) the onset of carpal-tunnel syndrome; (2) the onset of fibromyalgia; and (3) an injury to her neck and back. Following the presentation of ore tenus evidence, the trial court found that the employee suffered a permanent total disability as a result of her work-related injuries.
The employer and the employee both agree that the burden of proof applicable to determining whether the employee's carpal tunnel syndrome and fibromyalgia are work-related is clear and convincing evidence, as established by § 25-5-81(c), Ala. Code 1975. Section 25-5-81(c) defines clear and convincing evidence as:
 "[E]vidence that, when weighted against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt."
We conclude that the employee did not present clear and convincing evidence that her carpal tunnel syndrome was work-related. Dr. Henry Ruiz, a neurosurgeon who treated the employee, testified, that the employee's job duties, which included operating a drill press, could possibly cause carpal-tunnel syndrome. Dr. Kenneth *Page 773 
Pilgreen, another neurologist who treated the employee, testified that the employee's job duties could cause carpal tunnel syndrome. Dr. Victoria Masear, an orthopedic surgeon who performed a carpal-tunnel release surgery on the employee, testified that the employee's condition was not work-related. Dr. Gordon Kirschberg, a neurologist who did not treat the employee but who reviewed some of her medical records, testified that her carpal tunnel syndrome was not work-related. This court has held that evidence indicating that an employee "might have had" or "possibly had" a work-related injury does not meet the clear-and-convincing evidence standard when there is conflicting testimony indicating that the employee's injury was not work-related.Oden v. Gulf States Steel, Inc., 797 So.2d 1093, 1094 (Ala.Civ.App. 2001). Therefore, we conclude that the trial court erred by finding that the employee proved by clear and convincing evidence that her carpal tunnel syndrome was a work-related injury.
We also conclude that the employee did not present clear and convincing evidence that her fibromyalgia is work-related. Dr. Vishala Chindalore, a specialist in rheumatology, testified that the employee's fibromyalgia is possibly work-related. Dr. Pilgreen testified that in his opinion the employee's carpal tunnel syndrome caused her fibromyalgia. As stated above, we have concluded that the employee failed to present clear and convincing evidence that her carpal tunnel syndrome is work-related. Therefore, we conclude that the trial court erred by finding that the employee presented clear and convincing evidence that her fibromyalgia is work-related. The employer lastly argues that the trial court erred by not applying the clear-and-convincing-evidence standard to the employee's neck and back injuries. The employer argues that those injuries are the result of a gradual deterioration and whether they are work-related must be proved by clear and convincing evidence pursuant to § 25-5-81(c). We disagree.
The employee testified that she was stooping and bending below the drill-press tracks and felt a pop in her neck and immediately experienced pain from her neck to her tailbone. We conclude that the employee's testimony is substantial evidence that she suffered a sudden accident, and not a gradual deterioration; therefore, the trial court properly applied the preponderance-of-the-evidence standard in determining that her neck and back injuries were work-related.
The trial court found the employee to have a permanent total disability "as a proximate result of her injuries." Because we have concluded that the employee did not meet her burden of proof as to her carpal tunnel syndrome and fibromyalgia, we reverse the trial court's judgment and remand the cause to the trial court to consider only the employee's neck and back injuries in determining her loss of earning capacity.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Crawley and Thompson, JJ., concur.
Murdock, J., concurs in the result.