[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 46 
Willie J. Thompson ("the employee") sued Fort James Pennington, Inc., the predecessor of Fort James Operating Company ("the employer"), seeking workers' compensation benefits. He alleged that he suffered a work-related injury in September 1998 that resulted in a permanent disability. The employer countered with the argument that the employee had a pre-existing condition that was not work-related. Following a hearing, the trial court awarded the employee accrued temporary total disability benefits, certain accrued medical expenses, future medical expenses, and the costs of maintaining the action. The employer filed a postjudgment motion, which the trial court denied.
This court will not reverse a trial court's judgment in a workers' compensation case that is based on factual findings if those findings are supported by "substantial evidence." Section 25-5-81(e)(2), Ala. Code 1975. Substantial evidence is "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte TrinityIndus., Inc., 680 So.2d 262, 268 (Ala. 1996), quoting West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). The trial court's legal conclusions, however, are afforded no presumption of correctness, and this court reviews them de novo. Ex parte Cash,624 So.2d 576 (Ala. 1993).
The employer argues that the trial court erred because (1) its judgment does not comply with § 25-5-58, Ala. Code 1975; (2) it miscalculated the benefits owed to the employee; (3) it miscalculated the attorney fees; (4) it awarded future medical expenses; and (5) it taxed costs to the employer.
 I. Section 25-5-58, Ala. Code 1975
The employer argues that the trial court erred by not reducing the benefits owed to the employee because the employee had a pre-existing condition. See § 25-5-58. In his deposition Dr. Perry Wallace stated that he examined the employee on August 29, 1998, following a fall at home. At that time, Dr. Wallace found no swelling, no bruising, or any other sign of a ruptured or torn achilles tendon. Dr. Martin, who diagnosed the employee with a ruptured achilles tendon on September 10, 1998, reviewed the medical records of Dr. Wallace and concluded that at the time Dr. Wallace examined the employee, no rupture or tear had occurred.
In its order the trial court stated:
 "The issues in the case are simple. On the one hand, [the employee] contends that on September 6, 1998, he injured his right lower leg in an [on-the-job] accident. . . .
 "On the other hand, the [employer] contends the [employee] ruptured his right achilles tendon on August 28, 1998, at his home or at some time or place other than as [alleged]. . . .
 "The evidence is clear. While the [employee] did bruise or sprain his right ankle at home on August 28, 1998, an examination by [Dr.] Wallace on August 29, 1998 and an examination by [Dr.] Kugler on September 4, 1998, clearly shows that [the employee] did not have a ruptured achilles tendon following the accident at home. Also an examination by the [employer]'s physician [Dr.] Valentine on September 10, 1998, clearly shows that the achilles tendon was *Page 47 
completely severed at that time. Dr. Valentine gave his opinion that the rupture occurred on the job. . . ."
 "Based on the evidence the Court finds that [the employee] ruptured his right achilles tendon on September 6, 1998, on the job with [the employer]. The Court further finds there was no tear in his achilles tendon before the accident of September 6, 1998."
(C. 548-549.)
Based on the foregoing, § 25-5-58 does not require any reduction of the employee's workers' compensation benefits.
 II. Calculation of Benefits
The employer also argues that the trial court erred in its calculation of the amount of benefits it owes to the employee. The trial court found that the employer owed a total of $9,577.69 in temporary total-disability benefits, less $6,556.43 paid to the employee by Aetna U.S. Health Care ("Aetna"), the employer's third party administrator for accident and illness claims. The trial court calculated the amount of net benefits owed to the employee to be $4,004.73. This calculation is incorrect — $9,577.69 less $6,556.43 is $3,021.26, not $4,004.73. Therefore, that portion of the trial court's judgment calculating the amount of benefits owed to the employee is reversed.
 III. Calculation of Attorney Fees
The employer argues that the trial court erred in its calculation of attorney fees. The trial court ordered that the benefits Aetna had paid the employee would offset a portion of the employer's liability. The employer contends that the trial court erred by computing the 15% maximum attorney fee allowed by § 25-5-90, Ala. Code 1975, on the total amount of temporary total-disability benefits awarded instead of deducting from that amount the amount of sickness and accident benefits paid to the employee by Aetna before calculating the amount of attorney fees due.
The employer cites Bynum v. City of Huntsville, 779 So.2d 243
(Ala.Civ.App. 1999), to support its argument. Bynum holds that attorney fees are calculated after deducting the credit due to the employer, pursuant to § 25-5-11(e), for the employer's recovery from a third-party tortfeasor. We conclude that the policy consideration of § 25-2-11(e), preventing the double recovery of attorney fees, is not implicated in this case. The benefits Aetna paid to the employee merely replace a portion of the employer's liability; the fact that Aetna paid these benefits does not shift responsibility for the workers' compensation benefits from the employer to Aetna. See Bruno's, Inc. v. Killingsworth, [Ms. 2010281, October 4, 2002], ___ So.2d ___ (Ala.Civ.App. 2002) (holding that attorney fees are calculated before crediting the employer for a setoff pursuant to § 25-5-57(c)(1), Ala. Code 1975, and reasoning that attorney fees would not be reduced when the employer is liable for the benefits). Therefore, we conclude that the trial court did not err by calculating the attorney fees before deducting the credit for the benefits paid by Aetna.
The employer also argues that the trial court erred in its calculation of attorney fees because the trial court's order can be interpreted to require the employer to pay a portion of the attorney fees instead of deducting the attorney fees from the employee's recovery. The trial court's judgment states that the employer is entitled to a setoff equal to the amount of benefits paid by Aetna minus a 15% attorney fee on the amount of the setoff. We agree with the employer that this imposes on the employer a liability for attorney fees in contravention of § 25-5-90. See *Page 48 Liberty Trousers Div. of Walls Indus., Inc. v. Amos, 738 So.2d 1272
(Ala.Civ.App. 1999) (holding that the 15% attorney fee is not calculated on the amount of the credit owed to the company pursuant to §25-5-57(c)(3), for salary paid to the employee during the benefit period). Therefore, we must reverse this portion of the trial court's judgment that awards attorney fees.
Additionally, the employer argues that the trial court erred in awarding attorney fees on the medical expenses awarded to the employee. Attorney fees are not awarded on the recovery of medical expenses in a workers' compensation action, absent willful or contumacious conduct.Millar v. Wayne's Pest Control, 804 So.2d 213 (Ala.Civ.App. 2001); andCowgill v. Bowman Transp., Inc., 587 So.2d 1000 (Ala.Civ.App.), cert. quashed, 587 So.2d 1002 (Ala. 1991). However, the trial court specifically found that the employer "wrongfully and without just cause . . . refused to furnish the [employee] medical benefits to which he was entitled." This finding is specifically supported by the record, which indicates that the employee clearly suffered a work-related injury. Therefore, we conclude that the trial court did not err by awarding attorney fees on the recovery of the employee's medical expenses.
 IV. Future Medical Expenses
The employer argues that the trial court erred by ordering it to pay the employee's future medical expenses. The employer argues that, because the employee suffered only a temporary disability, it cannot be ordered to pay the employee's future medical expenses.
In support of this argument, the employer cites Ivie v. WinfieldCarraway Hosp., 678 So.2d 1190 (Ala.Civ.App. 1996), and Raines v.Browning-Ferris Indus. of Alabama, Inc., 638 So.2d 1334 (Ala.Civ.App. 1993). Ivie cites Raines, 678 So.2d at 1193, which in turn cites Davisv. City of Tuscaloosa, 494 So.2d 643 (Ala.Civ.App. 1986). This court overruled Davis in Robbins Tire and Rubber Co., Inc. v. Byrd,659 So.2d 672, 674 (Ala.Civ.App. 1995) (stating that § 25-5-77 authorizes awarding future medical expenses upon a showing that they arise from a work-related injury, that they are reasonable and necessary, and that they are obtained by employer authorization). Our supreme court recognized our overruling of Davis in Ex parte Americold CompressorsCo., 684 So.2d 140, 142 (Ala. 1996). Therefore, we conclude that the trial court did not err by awarding the employee future medical expenses.
 V. Taxing Costs to the Employer
The employer argues that the trial court erred by awarding costs to the employee. "Costs may be awarded by [the trial] court in its discretion." Section 25-5-89, Ala. Code 1975; see also Ex parte Ellenburg, 627 So.2d 398
(Ala. 1993). The employer argues that the award of costs is not supported by the evidence; therefore, the employer argues that the trial court abused its discretion by awarding costs to the employee.
In its postjudgment motion and motion for a new trial, the employer argued that the trial court erred in awarding the employee costs in excess of $1,923.75. It is true that the motion to tax costs contains no invoices, receipts, or other evidence to substantiate the requested amount. The better practice would be to support a motion to tax costs with the appropriate invoices and receipts. Previously, this court has concluded that the trial court abused its discretion in awarding the prevailing party payment of those costs that were not supported by proof in *Page 49 
the record. See Bostrom Seating, Inc. v. Adderhold, [Ms. 2000878, September 20, 2002] 852 So.2d 784 (Ala.Civ.App. 2002); Hooker Constr.,Inc. v. Walker, [Ms. 2000479, September 21, 2001] 825 So.2d 838
(Ala.Civ.App. 2001). A trial court may take judicial notice of filing fees and subpoena fees. See Bostrom Seating, 852 So.2d at 799. In this case, because we are reversing on other grounds, we reverse and remand as to this issue for the trial court to is reconsider its cost award.[1]
 VI. Conclusion
We reverse the judgment of the trial court insofar as it miscalculated the amount of benefits the employer owes to the employee (see Part II); insofar as it imposes on the employer a liability for attorney fees in contravention of § 25-5-90, Ala. Code 1975 (see Part III); and insofar as it taxed costs in excess of $1,923.35 (see Part V). In all other respects the judgment of the trial court is affirmed. We reverse the case for the trial court to recalculate the amount of benefits, the amount of attorney fees, and he amount of costs in compliance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, J., concurs.
YATES, P.J., concurs in the result.
MURDOCK, J., concurs in part; concurs in the result in part; and dissents in part.
[1] The employer also argues that some of the costs claimed by the employee are not reimbursable. In light of our reversal and remand as to the issue of costs, we do not reach this argument.