We granted the writ of certiorari in this case to review the Court of Civil Appeals' affirmance of the Choctaw Circuit Court's calculation of attorney fees in a workers' compensation action filed against Fort James Operating Company. Upon further review, we quash the writ as improvidently granted.
 I. Facts
The petitioner, Fort James Operating Company ("Fort James"), was sued by its employee, Willie J. Thompson ("the employee"), for workers' compensation benefits. The employee alleged that he suffered a work-related injury in September 1998 that resulted in his being permanently disabled. Following a hearing, the trial court awarded the employee accrued temporary total disability benefits, certain accrued medical expenses, future medical expenses, and the costs of maintaining the action. The trial court also awarded attorney fees to the employee's attorney.
The trial court ordered that benefits that had been paid through the employee's insurance, which was an employment benefit provided by Fort James, would offset a portion of Fort James's liability, pursuant to Ala. Code 1975, § 25-5-57(c)(1). In calculating attorney fees, however, the trial court computed the maximum attorney fee allowed by § 12-5-90, Ala. Code 1975 — 15% — on the total amount of temporary total disability benefits due before deducting the setoff amount for the benefits paid by the employee's insurance. In other words, the attorney fee was calculated on the pre-setoff amount. The trial court ordered Fort James to pay an attorney fee that was based, in part, on the amount of the setoff.[1]
The trial court also awarded the employee's attorney a fee based on 15% of the medical expenses awarded to the employee. *Page 53 
The parties agree that the trial court ordered that this fee be subtracted from the award of medical expenses, and thereby it was to be paid by the employee, not by Fort James. (Employee's brief at 21. "The attorney's fee based upon the award of medical expenses in this case will be paid by [the employee] from the medical expense award of $8,827.73. This is clearly set forth in the trial court's order.").[2]
Fort James appealed. The Court of Civil Appeals affirmed the trial court's judgment as to the amount of the attorney fee awarded, but reversed the portion of the trial court's order that required Fort James to pay that portion of the attorney fee calculated on the setoff. FortJames Operating Co. v. Thompson, [Ms. 2010620, October 25, 2002]871 So.2d 44 (Ala.Civ.App. 2002). We quash the writ of certiorari as improvidently granted.
 II. Analysis
In the present case, the Court of Civil Appeals held that the trial court did not err by computing the attorney fee at the 15% maximum on the total amount of temporary total disability benefits awarded without first deducting from that amount the amount of medical benefits paid to the employee from his employer-provided insurance. The Court of Civil Appeals held:
 "The benefits [the insurer] paid to the employee merely replace a portion of the employer's liability; the fact that [the insurer] paid these benefits does not shift responsibility for the workers' compensation benefits from the employer to [the insurer]. See Bruno's, Inc. v. Killingsworth, [Ms. 2010281, October 4, 2002] ___ So.2d ___ (Ala.Civ.App. 2002) (holding that attorney fees are calculated before crediting the employer for a setoff pursuant to § 25-5-57(c)(1), Ala. Code 1975, and reasoning that attorney fees would not be reduced when the employer is liable for the benefits). Therefore, we conclude that the trial court did not err by calculating the attorney fees before deducting the credit for the benefits paid by [the insurer]."
Fort James Operating Co., 871 So.2d at 47. Fort James argues that the Court of Civil Appeals' affirmance of the trial court's calculation of the attorney fee based on the pre-setoff amount conflicts with §25-5-90(a), Ala. Code 1975, a provision of the Alabama Workers' Compensation Act, which restricts attorney-fee awards to "15 percent of the compensation awarded or paid." However, because we find that Fort James lacks standing, we need not reach that issue.
The Court of Civil Appeals reversed the portion of the trial court's judgment making Fort James responsible for the attorney fee Fort James claims was miscalculated. The Court of Civil Appeals held:
 "The employer also argues that the trial court erred in its calculation of attorney fees because the trial court's order can be interpreted to require the employer to pay a portion of the attorney fees instead of deducting the attorney fees from the employee's recovery. The trial court's judgment states that the employer is entitled to a setoff equal to the amount of benefits paid by [the insurer] minus a 15% attorney fee on the amount of the setoff. We agree with [Fort James] that this imposes on [Fort James] a liability for attorney fees in contravention of § 25-5-90. See Liberty Trousers Div. of Walls Indus., Inc. v. Amos, 738 So.2d 1272 (Ala.Civ.App. 1999) (holding that the 15% attorney fee is not *Page 54 
calculated on the amount of the credit owed to the company pursuant to § 25-5-57(c)(3), for salary paid to the employee during the benefit period). Therefore, we must reverse this portion of the trial court's judgment that awards attorney fees."
Fort James Operating Co., 871 So.2d at 47-48.
Additionally, Fort James argues that the Court of Civil Appeals erred in affirming the trial court's award of an attorney fee based on the award of medical expenses to the employee. However, Fort James is also not responsible for the payment of this attorney-fee award. Because Fort James is not responsible for the payment of either attorney-fee award of which it complains, Fort James lacks standing to obtain certiorari review of the awards.
"Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation." National Org. for Women, Inc.v. Scheidler, 510 U.S. 249, 255 (1994). "'[L]ack of standing [is] a jurisdictional defect.'" State v. Property at 2018 Rainbow Drive,740 So.2d 1025, 1028 (Ala. 1999) (quoting Tyler House Apartments, Ltd.v. United States, 38 Fed. Cl. 1, 7 (Fed.Cl. 1997)). "[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). The Court of Civil Appeals has previously addressed the issue of standing in similar situations:
 "[When] `the employer pays no portion of such a fee but the employee must bear the whole fee out of compensation awarded,' any error regarding the attorney's fee award is a matter for correction between the employee and his attorney. `It is no basis for complaint on appeal by the employers.'"
Topline Retreads of Decatur, Inc. v. Moore, 484 So.2d 1090, 1091
(Ala.Civ.App. 1985) (quoting Rush v. Heflin, 411 So.2d 1295, 1297
(Ala.Civ.App. 1982)). See also Drummond Co. v. Lolley, 528 So.2d 885,888 (Ala.Civ.App. 1988). Accordingly, because as a result of the Court of Civil Appeals' opinion no attorney fee is assessed against Fort James, Fort James has no standing to obtain certiorari review of the calculation of those fees. III. Conclusion
Because we conclude that Fort James lacks standing to seek certiorari review, we quash the writ as having been improvidently granted.
WRIT QUASHED.
MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] The order provided: "The Court finds that [Fort James] is entitled to a setoff . . . less a 15% attorney's fee which the Court finds [the employee's attorney] is entitled to . . . with [Fort James] paying 15% on the amount of the setoff."
[2] The trial court's order states: "It is further ORDERED, ADJUDGED AND DECREED by the Court that . . . [the] attorney for [the employee], receive . . . 15% of the judgment for medical benefits."