I concur with the majority opinion. However, I write specially to address an issue that concerns this court's opinion in Oden v. GulfStates Steel, Inc., 797 So.2d 1093 (Ala.Civ.App. 2001) — a case that I authored — and the subsequent reliance on that case made inUnited Defense, L.P., v. Willingham, 829 So.2d 771 (Ala.Civ.App. 2002) — a case now relied upon by International Paper and by Judge Pittman in his dissent.
In Oden, the worker contended that he had suffered an injury through repeated trauma to the cervical spine in the line and course of his employment as a crane operator. Expert medical testimony was presented that supported the worker's claim to the extent that his work "likely" or "might have" contributed to his injury. The company presented evidence that the worker was malingering and that he had congenital spine problems that were not work related. In consideration of that evidence, this court reached the conclusion that the trial court's denial of workers' compensation benefits was due to be affirmed. Judge Murdock also correctly added in his special concurrence in Oden that the ore tenus standard of review had application to that case.
In the concluding paragraph of Oden, this court stated that "[w]e conclude that the worker's evidence — evidence indicating that he might have had, or possibly had, a work-related condition — when compared with the company's evidence — evidence indicating that the worker's problems were not work-related or were exaggerated — cannot be considered `clear and convincing evidence' indicating that his injury arose out of and in the course of his employment." 797 So.2d at 1094. I now am cognizant of the fact that that statement could be construed in an overly broad manner.
In Willingham, this court reversed a trial court's award of benefits to a worker for carpal tunnel syndrome, relying on Oden and stating that "[t]his court has held that evidence indicating that an employee `might have had' or `possibly had' a work-related injury does not meet the clear-and-convincing evidence standard when there is conflicting testimony indicating that the employee's injury was not work-related." 829 So.2d at 773.
I write to clarify my belief that the consideration of whether a worker has presented clear and convincing evidence to support a claim for an injury based on gradual deterioration or cumulative physical stress, alleged to have arisen in the line and course of his or her employment, includes the consideration of not only the medical testimony presented, but also the worker's lay testimony. See Hooker Constr., Inc. v. Walker,825 So.2d 838, 843 (Ala.Civ.App. 2001) (citing Wal-Mart Stores, Inc. v.Kennedy, 799 So.2d 188, 195 (Ala.Civ.App. 2001)) (stating that the trial court can consider lay, as well as expert, testimony on the issue of medical causation); Waffle House, Inc. v. Howard, 794 So.2d 1123, 1128-29
(Ala.Civ.App. 2000) (same). Further, under the ore tenus standard of review, a trial court's judgment carries a presumption of correctness and, in consideration of this issue, a presumption of correctness should be accorded to the oral testimony presented by either the worker or the employer that supports the trial court's judgment. See McGhee v.International Paper Co., 729 So.2d 880, 881 *Page 1175 
(Ala.Civ.App. 1999) ("The evidence presented to the trial court consisted of stipulations, depositions, and exhibits. The trial court heard no oral testimony; therefore, the ore tenus principle does not apply.") (citingWhitehead v. Hester, 512 So.2d 1297, 1299 (Ala. 1987)).
Accordingly, I would not read Oden or Willingham for the proposition that, in every case in which a worker fails to present medical evidence that his or her employment was, to a medical certainty, a contributing cause of his or her injury and in which the employer has presented evidence that it was not, the worker has failed to produce clear and convincing evidence in support of his or her claim.