MURDOCK, Judge.
This is the second time this case has come before this court for decision. See Fort James Operating Co. v. Thompson, 871 So.2d 44 (Ala.Civ.App.2002). Willie J. Thompson sued Fort James Pennington, Inc., the predecessor of Fort James Operating Company (“Fort James”), seeking workers’ compensation benefits. The Choctaw Circuit Court awarded Thompson temporary total disability benefits, certain accrued medical expenses, future medical expenses, and the costs of maintaining the action. On appeal, this court reversed in part the trial court’s judgment, finding that the trial court had erred in its calculation of benefits, had erred in its calculation of the attorney-fee award, and, based on the evidence before it, had erred in the amount of court costs it had ordered Fort James to pay.
On remand, Thompson filed a document entitled “Plaintiffs Submission of Evidence Substantiating Plaintiffs Costs.” It contained documentation for the costs previously awarded by the trial court. Fort James filed a motion to strike Thompson’s filing, arguing that the trial court did not have the authority to take additional evidence on the issue of court costs. The *530 trial court heard arguments on the issue on September 4, 2003, and on September 24, 2003, the trial court entered its revised judgment in the case, noting that Thompson had “submitted invoices and receipts to substantiate the costs of this action and [that] the court has reviewed the same.” The trial court awarded the same amount of court costs it had awarded in its previous judgment, $2,579.15. Fort James appeals.
Fort James’s sole contention is that the trial court erred both in permitting Thompson to submit additional evidence and by relying on that evidence to substantiate its cost award. Fort James argues that this court’s remand on the cost issue did not allow for the submission of new evidence; instead, Fort James argues, the trial court was supposed to rule based upon the evidence already in the record and based on costs that the court is permitted to take judicial notice of, such as filing fees and subpoena costs. Thus, Fort James contends that, at most, the trial court was at liberty to enter a judgment awarding costs totaling $1,971.75, consisting of $1,923.75 in costs Fort James had already agreed to, plus $48.00 in subpoena costs, of which the trial court was permitted to take judicial notice.
The portion of this court’s October 25, 2002, opinion concerning court costs provided:
“The employer argues that the trial court erred by awarding costs to the employee. ‘Costs may be awarded by [the trial] court in its discretion.’ Section 25-5-89, Ala.Code 1975; see also Ex parte Ellenburg, 627 So.2d 398 (Ala. 1993). The employer argues that the award of costs is not supported by the evidence; therefore, the employer argues that the trial court abused its discretion by awarding costs to the employee.
“In its postjudgment motion and motion for a new trial, the employer argued that the trial court erred in awarding the employee costs in excess of $1,923.75. It is true that the motion to tax costs contains no invoices, receipts, or other evidence to substantiate the requested amount. The better practice would be to support a motion to tax costs with the appropriate invoices and receipts. Previously, this court has concluded that the trial court abused its discretion in awarding the prevailing party payment of those costs that were not supported by proof in the record. See Bostrom Seating, Inc. v. Adderhold, 852 So.2d 784 (Ala.Civ.App.2002); Hooker Constr., Inc. v. Walker, 825 So.2d 838 (Ala.Civ.App.2001). A trial court may take judicial notice of filing fees and subpoena fees. See Bostrom Seating, 852 So.2d at 799. In this case, because we are reversing on other grounds, we reverse and remand this issue for the trial court to reconsider its cost award.”
Thompson, 871 So.2d at 48-49. This court concluded its opinion by stating: “We reverse the case for the trial court to recalculate ... the amount of costs in compliance with this opinion.” 871 So.2d at 49.
As we observed in the previous opinion, “[c]osts may be awarded by [the trial] court in its discretion.” § 25-5-89, Ala.Code 1975. However, “[w]here a cost is not substantiated by an ‘invoice or other evidence,’ this court has held that a trial court abused its discretion in'awarding the prevailing employee payment of that cost.” Bostrom Seating, Inc. v. Adderhold, 852 So.2d 784, 799 (Ala.Civ.App.2002) (citing Hooker Constr., Inc. v. Walker, 825 So.2d 838, 845 (Ala.Civ.App.2001) (“Because Walker presented nothing to substantiate his claim that the vocational expert’s fee was $750, we conclude that the trial court abused its discretion by awarding Walker *531 $750 for the cost of his vocational expert.”)).
“‘It is well settled that, after remand, the trial court should comply strictly with the mandate of the appellate court by entering and implementing the appropriate judgment.’ Auerbach v. Parker, 558 So.2d 900, 902 (Ala.1989). In Ex parte Alabama Power Co., 431 So.2d 151 (Ala.1983), this Court stated:
“ ‘ “It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the revieiuing court may be entered. ... The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, unthotit granting a new trial or taking additional evidence....’”
“431 So.2d at 155 (quoting 5 Am.Jur.2d, Appeal & Error § 991 (1962)).”
Ex parte Edivards, 727 So.2d 792, 794 (AIa.1998) (emphasis added).
The October 25, 2002, opinion of this court stressed that “the motion to tax costs eontain[ed] no invoices, receipts, or other evidence to substantiate the requested amount” and noted that this court has previously concluded that trial courts abuse them discretion in awarding costs not supported by proof in the record. The court farther observed that trial courts are permitted to take judicial notice of filing fees and subpoena fees. After making those observations, we reversed the trial court’s judgment on this issue and remanded the case for the trial court merely to “recalculate ... the amount of costs” in a way that complied with this court’s opinion.
It is plain from this mandate that we did not rule that the trial court was permitted to take additional evidence, but we also did not simply order that only the amount of costs conceded by Fort James, $1,923.75, be awarded. Thus, our mandate, as properly understood, ordered that the trial court reconsider its cost award to take into account the amount conceded by Fort James plus any cost that the trial court was at liberty to take judicial notice of, i.e., the remaining subpoena fees, which totaled $48.00. The trial court did not properly have before it evidence to support a larger award. Therefore, we conclude that the trial court erred in interpreting our mandate as permitting the taking of additional evidence, and we order that the trial court award costs in the amount of $1,971.75.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.