PITTMAN, Judge,
concurring specially.
I concur in the main opinion (which incorporates work performed both by my office and by Presiding Judge Crawley’s office), but I believe that a separate, but brief, explication of my own views would be appropriate in light of the special writings that have been issued.
I continue to believe that International Paper Co. v. Melton, 866 So.2d 1158 (Ala.Civ.App.2008), in which I dissented, was wrongly decided; I further believe that it now should be overruled as inconsistent with the majority opinion in Ex parte Southern Energy Homes, Inc., 873 So.2d 1116 (Ala.2003). It should be remembered that the injury claimed to be work related in Southern Energy was a sudden trauma, ie., a fall from a ladder. Under the Alabama Workers’ Compensation Act, Ala. Code 1975, § 25-5-1 et seq., the “preponderance” of the evidence standard of proof applicable in an action seeking benefits as to such an injury is more lenient than the “clear and convincing” standard of proof applicable in the instant case, which involves a condition attributed to gradual deterioration and/or cumulative stress. See Ala.Code 1975, § 25-5-81(c). Moreover, the Supreme Court reversed this court’s judgment affirming the trial court’s judgment in Southern Energy despite lay testimony of causation from the employee and expert medical evidence indicating that there was a possibility that the employee’s problems in that case were a result of the injury she described.
If a majority of the Alabama Supreme Court could conclude, after a review of the conflicting evidence in Southern Energy, that the employee in that case had not adduced “substantial evidence” of causation because “[n]one of the doctors who treated [the employee] stated with any degree of certainty that [her] back condition was due to the alleged workplace injury,” 873 So.2d at 1122 (emphasis added), it stands to reason that the causation evidence adduced by the employee in this case would not meet an even heavier “clear and convincing” evidence standard so as to warrant affirmance. As an intermediate appellate court, we are bound to apply the majority opinion in Southern Energy to cases that come before this court unless and until that opinion is modified or overruled by the Supreme Court or its holding is superseded by a subsequent statute to the contrary.
Southern Energy is wholly consistent with United Defense, L.P. v. Willingham, 829 So.2d 771 (Ala.Civ.App.2002), a case that I authored and in which a majority of this court concurred in the reversal of a judgment awarding workers’ compensation benefits because the testimony of two medical experts in that case indicated merely that the job duties of the employee in that *756 case “could cause” or “could possibly cause” carpal tunnel syndrome. 829 So.2d at 772-73. I believe that under both United Defense and Southern Energy, expert evidence indicating a mere possibility that an employee’s cumulative-stress injury arose out of the pertinent employment, whether coupled or not with favorable lay causation testimony, cannot meet the clear-and-convincing-proof standard in the face of contrary expert evidence clearly indicating that an employee’s injury was not work related. Conversely, to the extent that Melton indicates that medical testimony indicating that an employee’s cumulative-stress injury “ ‘could have been’ ” or “ ‘probably was’ ” work related meets the clear-and-convincing-proof standard adopted by our legislature (866 So.2d at 1168), it is inconsistent with Southern Energy. Although I agree with the main opinion that it is unnecessary to address the continuing vitality of Melton in order to decide the particular case before the court, it is my firm belief that the employers of Alabama and their insurers should not be “guessed” into liability by reliance upon equivocal or evasive opinions concerning medical causation.