On Application for Rehearing
This court's opinion of October 20, 2006, is withdrawn, and the following is substituted therefor.
The City of Birmingham ("the City") appeals from the trial court's judgment concluding that the City is subject to the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975, and awarding Floyd Lee George workers' compensation benefits. We affirm in part, reverse in part, and dismiss the appeal in part.
On December 1, 2004, George sued the City, seeking workers' compensation benefits. The City answered, asserting that it was not subject to the Alabama Workers' Compensation Act pursuant to § 25-5-13(b), Ala. Code 1975, which states that the act "shall not apply to any city . . . which has a population of 250,000 or more according to the last or any subsequent decennial federal census. . . ." At trial, it was undisputed that the City's population was less than 250,000 as of the most recent decennial federal census in 2000. On July 26, 2005, the trial court entered a judgment concluding that the City is subject to the Alabama Workers' Compensation Act and finding George to be permanently and totally disabled pursuant to that act.
On August 25, 2005, the City filed a motion to alter, amend, or vacate the judgment. On October 5, 2005, the trial court granted the motion insofar as it requested a setoff of workers' compensation benefits for George's past and future medical expenses paid by the City and for temporary-injury leave paid to George by the City. In all other respects, the trial court denied the City's motion to alter, amend, or vacate. The City timely appealed to the supreme court. The supreme court concluded that the appeal was within the appellate jurisdiction of this court and transferred the appeal to this court.
On appeal, the City argues (1) that the City is not subject to the Alabama Workers' Compensation Act; (2) that the City is entitled to a setoff of workers' compensation benefits for "Extraordinary Disability" payments made to George; and (3) that attorney's fees should not have been awarded to George's attorney.
The City first argues that the Alabama Workers' Compensation Act does not apply to the City. As the City notes, Act No. 29, Ala. Acts 1975 (4th Ex.Sess.) ("Act No. 29"), at the time it was enacted in 1975, had the effect of excluding the City from Alabama's workers' compensation law. Act No. 29 provided:
 "[T]he provisions of [Alabama's workers' compensation law], as now or hereafter amended, shall not apply to any city which has a population of 250,000 or more according to the last or any subsequent decennial federal census, to any park and recreation board now or hereafter established for such cities, to any board or agency now or hereafter authorized and established by the governing body of such cities nor to employees of any such city or of any such board or agency."
The City argues that Act No. 29 was a "general act of local application," i.e., an act that was in substance a local act but that was improperly enacted as a general *Page 1033 
act, without the notice required for the enactment of a local act. See Peddycoart v. City of Birmingham,354 So.2d 808 (Ala. 1978). In 1980, Amendment No. 389 to the Alabama Constitution of 1901 was ratified to validate general acts of local application based on population.[1] Amendment No. 389 provided:
 "Any statute that was otherwise valid and constitutional that was enacted before January 13, 1978, by the legislature of this state and was a general act of local application on a population basis, that applied only to a certain county or counties or a municipality or municipalities of this state, shall not be declared invalid or unconstitutional by any court of this state because it was not properly advertised in compliance with section 106 of this Constitution.
 "All such population based acts shall forever apply only to the county or counties or municipality or municipalities to which they applied on January 13, 1978, and no other, despite changes in population.
 "The population based acts referred to above shall only be amended by acts which are properly advertised and passed by the legislature in accordance with the provisions of this Constitution."
As of January 13, 1978, according to the then most recent decennial federal census, the City's population was more than 250,-000, meaning that the City was then still excluded from the workers' compensation law, pursuant to Act No. 29. The City argues that, pursuant to the second paragraph of Amendment No. 389, Act No. 29 forever applies to the City as it applied to the City on January 13, 1978. That is, the City argues, despite now having a population of less than 250,000, it is still excluded from the workers' compensation law.
However, the application of Amendment No. 389 upon Act No. 29 is not dispositive in this case. In 1984, the Alabama legislature amended § 25-5-13, Ala. Code 1975, a provision of the Alabama Workers' Compensation Act, to include the substantive content of Act No. 29. See Act No. 84-322, § 1, Ala. Acts 1984. In 1992, the Alabama legislature again amended § 25-5-13 as part of Act No. 92-537, Ala. Acts 1992, an act that substantially amended the Alabama Workers' Compensation Act. See Act No. 92-537, § 9, Ala. Acts 1992. Section 25-5-13(b), Ala. Code 1975, now provides:
 "[T]his chapter shall not apply to any city (excepting school districts and institutions) which has a population of 250,-000 or more according to the last or any subsequent decennial federal census, to any park and recreation board now or hereafter established for those cities, to any board or agency now or hereafter authorized and established by the governing body of those cities, nor to employees of the city or of any board or agency."
The City's argument depends on the contention that Act No. 29 is a "general act of local application" to which Amendment No. 389 would apply. However, Act No. 29 and § 25-5-13(b) are substantively the same. Section 25-5-13(b), unlike Act No. 29, was enacted as part of the Alabama Workers' Compensation Act, a general act. Therefore, Amendment No. 389 has no application upon § 25-5-13(b). The City has failed to show why the exclusionary provision of § 25-5-13(b) should not be applied as it was written by the legislature. Accordingly, the trial court *Page 1034 
did not err in concluding that the City, which now has a population of less than 250,000 as of the most recent decennial federal census, is subject to the Alabama Workers' Compensation Act.
The City also argues that, if it is subject to the Alabama Workers' Compensation Act, the City is entitled to a setoff of workers' compensation benefits for "Extraordinary Disability" payments made to George. In pertinent part, § 25-5-57(c), Ala. Code 1975, provides:
 "(c) Setoff for other recovery. In calculating the amount of workers' compensation due:
 "(1) The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan providing for sick pay by the amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted."
Upon the City's motion to alter, amend, or vacate the judgment, the trial court awarded the City a setoff for George's past and future medical expenses paid by the City and for "Paid Injury Leave" benefits paid to George by the City. The "Paid Injury Leave" fund is completely funded by the City. The City argues that it should also be allowed a setoff for the "Extraordinary Disability" payments made to George. The trial court's order granting in part and denying in part the City's motion to alter, amend, or vacate the judgment discussed the "Extraordinary Disability" payments:
 "The Extraordinary Disability Benefit . . . [was established by] the Pension Act of the City of Birmingham, Act No. 1271, Acts 1973 and the Retirement and Relief Pension Plan contained therein. Under the said Pension Act, three types of benefits are paid[:] retirement, normal disability and extraordinary disability. . . . [N]ormal disability need not be the result of an on the job injury, while extraordinary disability necessarily must arise from an injury incurred within the line and scope of employment.
 "The record in this case indicates that [George] exhausted all paid [injury] leave as of December 15, 2003, was granted Extraordinary Disability benefits as of December 16, 2003, and continues to receive said benefit which is equal to 70% of [George's] regular pay. [George], like all employees with [the] City, made contributions to the pension fund in regular payroll deductions, with [the City] matching the contributions. [George] was employed with [the City] for 8 years, 3 months and 17 days prior to his May 12, 2003, injury, making contributions to the pension fund throughout the course of his employment. It is from this one fund that the extraordinary disability benefits are paid, along with regular pension and normal disability payments."
Section 25-5-57(c)(1) provides that an employer is allowed a setoff for benefits paid pursuant to a disability plan "if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted." The City provided 50% of the funds in the pension fund from which the "Extraordinary Disability" payments were made. We find no Alabama case that has addressed whether an employer is allowed a setoff pursuant to § 25-5-57(c)(1) if the employer pays for only a portion of the benefits provided under a disability plan. However, the plain language of § 25-5-57(c)(1) indicates that it was intended to prevent an employer from paying duplicate benefits to the employee for the same disability. To prevent such a duplicate payment, the City is *Page 1035 
entitled to a proportionate credit equal to the rate of its contribution to the "Extraordinary Disability" payments made to George. The City contributed 50% of the "Extraordinary Disability" payments made to George. Accordingly, the City is entitled to receive a setoff against its workers' compensation liability equal to 50% of the "Extraordinary Disability" payments made to George. The City finally argues that the trial court erred by awarding attorney's fees to George's attorney. The gist of the City's argument is that, because the City paid George "Extraordinary Disability" benefits at a compensation rate higher than the workers' compensation rate awarded to George, George's attorney did not gain any additional benefit for George and therefore should not be entitled to attorney's fees. We conclude that the City lacks standing to challenge the award of attorney's fees to George's attorney.
 "In Ex parte Fort James Operating Co., 871 So.2d 51, 54 (Ala. 2003), our supreme court, relying on and quoting from Top-line Retreads of Decatur, Inc. v. Moore, 484 So.2d 1090, 1091
(Ala.Civ.App. 1985), in its analysis, concluded that an employer in a workers' compensation case, because it pays no portion of the attorney fee awarded to the worker's attorney, has `no standing to obtain . . . review of the calculation of those fees.'"
Goodyear Tire Rubber Co. v. Moore,900 So.2d 1239, 1240 (Ala.Civ.App. 2004). See also Fort JamesOperating Co. v. Irby, 911 So.2d 727, 729-30
(Ala.Civ.App. 2005) (stating that an employer lacked standing to challenge the calculation of an attorney-fee award). Because we conclude that the City does not have standing to challenge the award of attorney's fees, we dismiss the appeal as to that issue.
Insofar as the City appeals the award of attorney's fees, we dismiss the appeal. We affirm the judgment of the trial court insofar as it concludes that the City is subject to the Alabama Workers' Compensation Act. We reverse the judgment insofar as it denies a setoff of workers' compensation for "Extraordinary Disability" payments made to George. We remand the case for the trial court to apply a setoff of workers' compensation benefits equal to 50% of the "Extraordinary Disability" payments made to George.
APPLICATION GRANTED; OPINION OF OCTOBER 20, 2006, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED IN PART; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the judges concur.
[1] Amendment No. 389 is Art. IV, § 106.01, of the "Official Recompilation of the Constitution of Alabama of 1901, as Amended."