988 So.2d 1035 (2008)
EX PARTE CITY OF BIRMINGHAM.
(In re City of Birmingham
v.
Floyd Lee George).
1061225.
Supreme Court of Alabama.
February 1, 2008.
*1036 Tamara Harris Johnson, city atty., and John M. Edens and Julie P. Barnard, City of Birmingham Law Department, for petitioner.
Robert W. Lee of Robert W. Lee & Associates, P.C., Birmingham, for respondent.
SEE, Justice.
The City of Birmingham ("the City") petitioned this Court for the writ of certiorari to review whether the Court of Civil Appeals erred when it reversed the trial court's judgment and awarded the City a partial setoff against its worker's compensation obligations to Floyd Lee George. City of Birmingham v. George, 988 So.2d 1031, 1031-35 (Ala.Civ.App.2007). This Court granted certiorari review on September 12, 2007. For the reasons discussed below, we affirm the judgment of the Court of Civil Appeals.

Facts and Procedural History
On May 12, 2003, George, an employee of the City, was injured and permanently disabled when he stood up and touched an electrical power line while changing lightbulbs in a traffic signal, as part of his job with the City. Following his accident, George received 180 days of "injury-with-pay leave" from the City pursuant to the Birmingham Pension Act. Act No. 1272, Ala. Acts 1973. When that leave expired, the City continued to pay his related medical and disability expenses and 70% of his monthly salary as extraordinary disability benefits ("EOD benefits") pursuant to the Birmingham Pension Act.
In 2004, George brought an action seeking compensation under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975 ("the Act"), in addition *1037 to his EOD benefits. The threshold issue was whether the City, which is governed by the Birmingham Pension Act, is subject to the Act. The trial court held that it was. The Act provides, in part:
"In calculating the amount of workers' compensation due:
"(1) The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan providing for sick pay by the amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted."
§ 25-5-57(c), Ala.Code 1975. Pursuant to this provision, the trial court allowed a setoff of the amount due under the Act for the funds the City had paid George as "injury-with-pay leave" and for its payment of medical and disability expenses, but it denied a setoff for the EOD benefits the City had paid, because the City had provided only one-half of the funds that constituted those benefits. The other one-half had come from employee contributions.
The Court of Civil Appeals affirmed the trial court's judgment.[1] On rehearing, however, it withdrew its original opinion and substituted a new opinion; the substituted opinion, although affirming the trial court's holding that the City is subject to the Act, held that, under § 25-5-57(c)(1), Ala.Code 1975, an employer that provides a portion of the benefits under a disability plan is entitled to a setoff from liability under the Act equal to the percentage of its contribution to the plan. Therefore, the Court of Civil Appeals awarded the City a setoff from any payments owed to George under the Act to compensate for the City's 50% contribution to the EOD benefits George had received. 988 So.2d at 1036.
We granted the City's petition for the writ of certiorari to determine, as a material question of first impression, whether § 25-5-57(c)(1), Ala.Code 1975, entitles employers to a deduction from the benefits required to be paid under the Act, in whole or pro rata, for other benefits paid to an injured employee from a plan only partially funded by the employer.

Standard of Review
"In reviewing the Court of Civil Appeals' decision on a petition for the writ of certiorari, `this Court "accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals."'"
Ex parte Wade, 957 So.2d 477, 481 (Ala. 2006) (quoting Ex parte Exxon Mobil Corp., 926 So.2d 303, 308 (Ala.2005), quoting in turn Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996)).

Analysis
The City argues that § 25-5-57(c)(1), Ala.Code 1975, "should be construed in pari materia with § 25-5-53,[[2]] *1038 prohibiting additional statutory remedies, and the City's Pension Act," and that, if § 25-5-57(c)(1) is so construed, "the City should be afforded a full offset for [the EOD] benefits against any [worker's compensation] award." City's brief at 65-66. The City argues that George is entitled to no additional benefits under the Act and that, even if a setoff is allowed against the worker's compensation benefits for the EOD benefits, unless that setoff is 100% George would receive duplicate compensation for the same injury. George argues that the City is not entitled to any offset for the EOD benefits he was paid, because § 25-5-57(c)(1), Ala.Code 1975, provides for an offset only when "the plan is provided or funded completely by the Employer." George's brief at 5.
The issue whether § 25-5-57(c)(1), Ala. Code 1975, which provides for a setoff against workers' compensation benefits for employer-funded disability plans, permits a full setoff, a partial setoff, or no setoff when the plan is not fully funded by the employer is a matter of first impression for this Court. Section 25-5-57, Ala.Code 1975, was amended in 1992 to include the setoff provision, and all previous decisions of this Court construing this section of the Act dealt with plans that had been entirely funded by the employers. See Ex parte Fort James Operating Co., 895 So.2d 294, 297 (Ala.2004) ("[The employer] has provided substantial evidence indicating that it was the sole source of funding for the plan. [The employee] has not offered any evidence indicating that he funded any portion of his sick-pay plan."); Ex parte Dunlop Tire Corp., 706 So.2d 729, 731 (Ala.1997) ("The question before us, therefore, is whether Dunlop `provided the benefits or paid for the plan or plans providing the benefits deducted.'" (quoting § 25-5-57(c)(1), Ala.Code 1975)).
The issue in this case requires us to construe a statute  § 25-5-57(c)(1). We have stated:
"`The fundamental principle of statutory construction is that words in a statute must be given their plain meaning.' Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 814 (Ala.2003). `When a court construes a statute, "[w]ords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says."' Ex parte Berryhill, 801 So.2d 7, 10 (Ala.2001) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992)). Additionally, "`[c]ourts must liberally construe the workers' compensation law `to effectuate its beneficent purposes,' although such a construction must be one that the language of the statute `fairly and reasonably' supports."' Ex parte Weaver, 871 So.2d 820, 824 (Ala.2003) (quoting Ex parte Beaver Valley Corp., 477 So.2d 408, 411 (Ala.1985))."
Trott v. Brinks, Inc., 972 So.2d 81, 85 (Ala.2007).
Here, the Court of Civil Appeals construed § 25-5-57(c)(1), Ala.Code 1975, as allowing a partial setoff in proportion to *1039 the employer's contribution to the plan established to provide the EOD benefits and reversed the judgment of the trial court insofar as it allowed no setoff for the EOD benefits. The Court of Civil Appeals held:
"[T]he plain language of § 25-5-57(c)(1) indicates that it was intended to prevent an employer from paying duplicate benefits to the employee for the same disability. To prevent such a duplicate payment, the City is entitled to a proportionate credit equal to the rate of its contribution to the `Extraordinary Disability' payments made to George. The City contributed 50% of the `Extraordinary Disability' payments made to George. Accordingly, the City is entitled to receive a setoff against its workers' compensation liability equal to 50% of the `Extraordinary Disability' payments made to George."
City of Birmingham, 988 So.2d at 1035.
The language of the statute suggests that the legislature wanted to do substantial justice both to the employer and to the employee by not giving a windfall to or imposing a penalty on either when employer-funded compensation is available to an employee outside the provisions of the Act. § 25-5-57(c)(1), Ala.Code 1975 ("The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan... by the amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted."). In Ex parte Fort James Operating Co., this Court recognized that, under the language of § 25-5-57(c)(1), "any payment by [the employer] under such a qualifying plan would reduce its obligation to [the employee] for workers' compensation benefits by that amount." 895 So.2d at 296.
In this case, it is undisputed that the City provided one-half the funding of the plan established to pay EOD benefits and employees provided the other half. City of Birmingham, 988 So.2d at 1034 ("`[George], like all employees with [the] City, made contributions to the pension fund in regular payroll deductions, with [the City] matching the contributions.'" (quoting the trial court's order)). To the extent that the City funded the EOD benefits plan, the City did pay for part of a disability plan contemplated by the statute.
When George's injury-with-pay leave expired, the City continued to pay his related medical and disability expenses and 70% of his monthly salary as EOD benefits. Presumably, the payments of the expenses and the EOD benefits, available before a worker's compensation hearing was held, benefited George at a time of financial need, and, as we noted above, "`"`[c]ourts must liberally construe the workers' compensation law "to effectuate its beneficent purposes."'"'" Trott, 972 So.2d at 85 (quoting other cases). The beneficent purposes of the Act are fostered by encouraging employees to fund such plans as the one that provided the EOD benefits here so that injured employees are not compelled to look exclusively to workers' compensation benefits.
The City argues that granting a proportionate setoff for the EOD benefits paid to George against the worker's compensation benefits will result in a double compensation to George. City's brief at 66. The City reaches this conclusion by adding George's EOD benefits back to the total compensation he will receive under the Act, which results in an amount greater than he would receive if he were entitled only to EOD benefits or only to worker's compensation benefits. City's reply brief at 13. However, this argument ignores the plain language of § 25-5-57(c)(1), Ala. *1040 Code 1975, which provides for the setoff "if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted." There is no language in the statute indicating that the legislature intended for employee-funded benefits to reduce an employer's worker's compensation obligations. To the contrary, even though George will receive more compensation if he is allowed worker's compensation benefits in addition to the EOD benefits than if he were to receive only worker's compensation benefits or only EOD benefits, the additional compensation he receives over those amounts represents benefits for which he and other City employees provided the funding, and not benefits provided by the City as his employer. City of Birmingham, 988 So.2d at 1034 ("The City provided 50% of the funds in the pension fund from which the `Extraordinary Disability' payments were made."). To hold otherwise would discourage employees from participating in employer-sponsored disability plans.
Because it is clear from the plain language and context of § 25-5-57(c)(1), Ala. Code 1975, that the legislature intended to provide for a setoff to the extent an employer provides disability benefits outside the framework of the Act, and only to that extent, the Court of Civil Appeals did not err in granting the City a setoff in proportion to the extent to which it funded the plan that provided the EOD benefits.[3] This result ensures that the City will not be forced to provide duplicate compensation to employees and that employees who are injured on the job receive the additional benefits provided by their own contributions to the plan that funds the EOD benefits.

Conclusion
Based on our interpretation of the setoff provision in § 25-5-57(c)(1), Ala.Code *1041 1975, we conclude that the 50% setoff the Court of Civil Appeals awarded the City against the worker's compensation benefits it owes to George, which setoff represents the percentage of the City's contribution to the plan funding the EOD benefits, was proper in this case. We therefore affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
STUART, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and LYONS and WOODALL, JJ., concur in the result.
MURDOCK, J., recuses himself.
WOODALL, Justice (concurring in the result).
I agree with the majority that the City is not entitled to the 100% setoff that it seeks. Consequently, I concur in the result.
The majority acknowledges George's argument "that the City is not entitled to any offset for the EOD benefits he was paid, because § 25-5-57(c)(1), Ala.Code 1975, provides for an offset only when `the plan is provided or funded completely by the Employer.' George's brief at 5." 988 So.2d at 1038 (emphasis added). I agree with George. The plain language of § 25-5-57(c)(1) allows a setoff "if and only if the employer ... paid for the plan or plans providing the benefits deducted." (Emphasis added.) This condition cannot be met when the employee has contributed to the plan. In my judgment, the statutory language does not fairly and reasonably support the majority's substitution of "to the extent the employer paid" for "if and only if the employer paid." "`If a statute is not ambiguous or unclear, the courts are not authorized to indulge in conjecture as to the intent of the Legislature or to look to consequences of the interpretation of the law as written.'" Gray v. Gray, 947 So.2d 1045, 1050 (Ala.2006) (quoting Ex parte Presse, 554 So.2d 406, 411 (Ala. 1989)). However, because George did not petition for certiorari review of the decision of the Court of Civil Appeals, his no-setoff argument is beyond the proper scope of this Court's review and, in this case, the City will remain entitled to the pro rata setoff.
COBB, C.J., and LYONS, J., concur.
NOTES
[1] Before the Court of Civil Appeals, the City, as it had in the trial court, argued that it was exempt from the Act. The Act was amended in 1984 and again in 1992. Act No. 843-22, Ala. Acts 1984; Act No. 92-537, Ala. Acts 1992. The Court of Civil Appeals held that the cumulative effect of these amendments was to make the Act applicable to cities with populations greater than 2,000 but less than 250,000. The Court of Civil Appeals rejected the City's population-based arguments and affirmed the trial court's judgment that the City is subject to the Act. This issue is not before us on certiorari review.
[2] Section 25-5-53, Ala.Code 1975, provides:

"The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment...."
[3] The City would read § 25-5-57(c)(1), Ala. Code 1975, as if it says: "[I]f and only if the employer ... paid [any of the costs] for the plan or plans providing the benefits deducted ...," then the City is entitled to a full setoff. George and Justice Woodall, concurring in the result, would go the other way and read § 25-5-57(c)(1) as if it says: "[I]f and only if the employer ... paid [100% of the cost] for the plan or plans providing the benefits deducted ..." is the City entitled to any setoff at all. Under this latter reading, whether the employer paid 50% or 99%  perhaps with the State subsidizing the plan with a 1% contribution (or with a federal grant, or a charitable contribution)  it would be treated as not having paid at all for the plan, and no setoff would be allowed for the employer's 99% payment.

The uncontested fact is that the City and the employees both contributed to the plan. In light of this fact, a strict reading of the provision  out of statutory context  can, as the City argues, support its position that it is entitled to a full offset; however, neither of the two extreme positions is supported by a reading of the statute as a whole, consistent with the purposes of the Act.
We are called upon to effectuate the beneficent purposes of the statute, provided that such a construction of the statute is, "`one that the language of the statute "fairly and reasonably" supports.'" Ex parte Weaver, 871 So.2d 820, 824 (Ala.2003) (quoting Ex parte Dunlop Tire Corp., 706 So.2d at 733). At the same time, in Ex parte Taylor, 728 So.2d 635, 637 (Ala. 1998), we stated that "the legislature's intent behind the amendment of the Workers' Compensation Act [adding § 25-5-57(c)] was to prevent `double recovery,' such as payments from a disability plan or sick plan that a worker might receive as a result of an injury in addition to workers' compensation benefits." Both the City and the employees contributed to this plan, and each is receiving credit for 50% of the benefits provided by that party's contribution. George has received payments from the plan, one-half, and only one-half, of which is attributable to the City's contribution (and would constitute a double recovery were he to receive it), and one-half of which is not attributable to the City. Therefore, a proportionate setoff is the most reasonable construction of § 25-5-57(c)(1), Ala.Code 1975.