COBB, Chief Justice
(dissenting).
I respectfully dissent. Given the Court’s settled precedent that workers’ compensation laws are to be “liberally construed to effect their beneficent purposes,” Ex parte Beaver Valley Corp., 477 So.2d 408, 411 (Ala.1985); see also Ex parte City of Birmingham, 988 So.2d 1035 (Ala.2008); Ex parte Mitchell, 989 So.2d 1083 (Ala. 2008); and Trott v. Brinks, Inc., 972 So.2d 81 (Ala.2007), I am not persuaded that this Court must conclude that the word “benefits” as used in the definition of “compensation” in § 25-5-1(1), Ala.Code 1975, is unambiguously restricted to those benefits provided in Articles 3 and 4 of the Alabama Workers’ Compensation Act, in the sense that such benefits must be those paid only pursuant to those articles. It would seem perfectly reasonable to me, and more in accord with the beneficent *939 purpose of the statute, to construe the term “compensation,” as defined in § 25-1-1(1), to mean benefits received within the parameters of Article 3 or 4, regardless of the source. Thus, workers’ compensation benefits from other states, when paid in the same context as they would be paid in this state under Articles 3 and 4, would be recognized as compensation for purposes of the tolling provision of § 25-5-80.
This interpretation is also supported by § 25 — 5—35(e), Ala.Code 1975, which provides:
“(e) The payment or award of benefits under the workers’ compensation law of another state, territory, province, or foreign nation to an employee or his dependents otherwise entitled on account of such injury or death to the benefits of this article [Article 2] and Article 3 of this chapter shall not be a bar to a claim for benefits under this article and Article 3 of this chapter; provided that claim under this article is filed within the time limits set forth in Section 25-5-80.”
It follows that § 25-5-80 is appropriately read in para maten a with § 25-5-35 and that the term “benefits” includes benefits paid in other states.